STEWART WEINBERG, Bar No. 031493
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Defendants
San Francisco Building and Construction Trades Council
and United Brotherhood of Carpenters and Joiners
of America Local Union No. 22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. LAUSER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY COLLEGE OF SAN FRANCISCO, SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22,<br><br>　　　　Defendants. | No.　CV 07-6464 SC<br><br>**DEFENDANTS SAN FRANCISCO BUILDING AND CONSTRUCTION TRADES COUNCIL AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22'S NOTICE OF MOTION AND MOTION TO DISMISS PRESENTING DEFENSES OF LACK OF JURISDICTION UNDER RULE 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:**　　March 7, 2008<br>**Time:**　　10:00 a.m.<br>**Courtroom: 1, 17th Floor** |

### NOTICE OF MOTION

TO Plaintiff LAWRENCE LAUSER and TO FRANK P. SARRO, his Attorney of Record:

PLEASE TAKE NOTICE that on March 7, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 1 in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California.

## MOTION

Defendants San Francisco Building and Construction Trades Council (sued herein as San Francisco Building and Construction Trade Council Unions), and United Brotherhood of Carpenters and Joiners of America Local Union No. 22 will move the Court to dismiss the action pursuant to FRCP 12(b)(1) and 12(b)(6) because the Court lacks subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted on the grounds that: the Complaint asserts jurisdiction pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1337 and section 301 of the Labor Management Relations Act; the Defendant City College of San Francisco is a governmental entity existing as a political subdivision of the State of California and the City and County of San Francisco and therefore is excluded from the definition of "employer" under section 1 of the National Labor Relations Act 29 U.S.C. § 152(2). Consequently, Plaintiff is not an employee of an employer governed by the National Labor Relations Act and the Collective Bargaining Agreement referred is not a contract between an employer and a labor organization representing employees in an industry affecting commerce. (29 U.S.C. § 185(a)) This Court, therefore, lacks jurisdiction. This motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff alleges that he brings this action pursuant to section 301 of the Labor Management Relations Act of 1947, in order to recover damages and to obtain an injunction against a violation of a collective bargaining agreement. The complaint contains two causes of action. The First Cause of Action is against Defendant City College of San Francisco for breach of a collective bargaining agreement and wrongful termination. Plaintiff asserts that he was a permanent employee of Defendant City College of San Francisco. He further asserts that the Defendant San Francisco Building and Construction Trade Council and United Brotherhood of Carpenters and Joiners of America Local Union No. 22 were the collective bargaining representatives representing the bargaining unit in which Plaintiff was employed. He asserts that the Unions acted arbitrarily,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -

NOTICE OF MOTION TO DISMISS

and capriciously and refused to assist him and represent him in an arbitration against the Defendant employer. What the Plaintiff neglects to mention is that the Defendant City College of San Francisco is a public entity created pursuant to the Charter of the City and County of San Francisco section 8.101, a copy of which is attached hereto of which judicial notice is requested. Section 8.101 of the Charter of the City and County of San Francisco creates the Governing Board and charges it with the function of controlling and managing the Community College District. City College of San Francisco is the campus of the Community College District of the City and County of San Francisco.

## I. <u>ARGUMENT</u>

This motion is brought pursuant to sections 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Section 12(b)(1) is appropriate where the Court lacks subject matter jurisdiction, and section 12(b)(6) applies where the Plaintiff fails to state a claim.

The National Labor Relations Act defines an employer at 29 U.S.C. § 152(2):

> The term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or wholly owned government corporation, or any federal reserve bank, or any State or political subdivision thereof, . . .

Plaintiff purports to bring this action pursuant to 29 U.S.C. § 185. Section 185 vests jurisdiction of any district court of the United States having jurisdiction of the parties without respect to the amount in controversy over "[S]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter. . ." Clearly, City College of San Francisco is not an employer as defined by the National Labor Relations Act, and consequently any contract which City College of San Francisco has with any labor organization is not a "contract between an employer and a labor organization representing employees in an industry affecting commence."

Plaintiff also asserts jurisdiction under 28 U.S.C. §1331 which confers jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. A contract between a subdivision of the State of California does not arise under laws of the United States, since they are specifically exempted under 29 U.S.C. § 152(2). Similarly, jurisdiction is asserted

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -

NOTICE OF MOTION TO DISMISS

under 28 U.S.C. § 1337(a) for any civil proceeding or action arising under any act of Congress regulating commerce. Once again, by definition, that does not include a contract between a political subdivision of the State of California and a labor organization.

As a consequence of the foregoing, this Court lacks subject matter jurisdiction over the alleged breach of a collective bargaining agreement and the violation of a duty of fair representation arising pursuant to that collective bargaining agreement. In Storlazzi v. Bakey (D.Mass. 1995) 894 F.supp. 494, affirmed 68 F.3d 455) it was held that a school committee was exempt from a former teacher's claim of breach of a collective bargaining agreement and the teacher's union was exempt from his claim of breach of duty of fair representation since the school committee was a "political subdivision" and thus was not an "employer".

## II. CONCLUSION

Based upon the foregoing, this Court does not have jurisdiction and must dismiss the complaint of Plaintiff.

Dated: January 26, 2008

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
STEWART WEINBERG
Attorneys for Defendants
San Francisco Building and Construction Trades Council and United Brotherhood of Carpenters and Joiners of America Local Union No. 22

118036/481824

- 4 -

## ARTICLE VIII

## EDUCATION AND LIBRARIES

**SEC. 8.100.   UNIFIED SCHOOL DISTRICT.**
The Unified School District shall be under the control and management of a Board of Education composed of seven members who shall be elected by the voters of the Unified School District. A student representative shall serve on the Board in accordance with state law. No member of this Board shall be eligible to serve on the Governing Board of the Community College District. Vacancies occurring on the Board shall be filled for the unexpired term by the Mayor. The compensation for each member shall be $500 per month. The terms of office in effect for Board members on the date this Charter is adopted shall continue.

**SEC. 8.101.   GOVERNING BOARD OF THE COMMUNITY COLLEGE DISTRICT.**
The Community College District shall be under the control and management of a Governing Board composed of seven members who shall be elected by the voters of the Community College District. A student representative shall serve on the Governing Board in accordance with state law. No member of this Board shall be eligible to serve on the Board of Education. Vacancies occurring on the Governing Board shall be filled for the unexpired term by the Mayor. The compensation for each member shall be $500 per month. The terms of office in effect for Board members on the date this Charter is adopted shall continue.

**SEC. 8.102.   PUBLIC LIBRARIES.**
Libraries including the Library Commission and the Library Department shall be a part of the executive branch.
The Commission shall consist of seven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor.

**SEC. 8.103.   LAW LIBRARY.**
The San Francisco Law Library shall be under the management and control of the Board of Trustees, as established by act of the Legislature approved March 9, 1870. The Board shall consist of seven appointive members of the San Francisco bar, and the Mayor, the Presiding Judge and the three judges of the Appellate Department of the Superior Court, ex-officio. All vacancies on the Board shall be filled by the Board.
Pursuant to state law, the Board shall appoint and at its pleasure may remove a librarian, who shall be its executive officer. The Board shall have complete authority to manage its affairs consistent with this Charter and state law.
Compensation of Law Library personnel shall be fixed by the executive officer of the Law Library, with approval of the Board of Trustees. Subject to the budgetary and fiscal provisions of this Charter, the City and County shall continue to fund the salaries for at least the positions of Librarian, Assistant Librarian and Bookbinder.

Section 8.103                                               San Francisco Charter

    The City and County shall provide suitable and sufficient quarters for the Law Library, fix up and furnish the same and provide for the supply of necessary light, heat, stationery and other conveniences. The Library shall be so located as to be readily accessible to the judges and officers of the courts.

    The Clerks of the Superior and Municipal Courts shall collect fees provided for law libraries by general law and the fees so collected shall be paid monthly to the Treasurer of the Law Library, and shall constitute a law library fund to be expended by the Trustees in the purchase of books and periodicals, and in the establishment and maintenance of the Law Library.

    The judiciary, city, county and state officials, members of the Bar, and all inhabitants of the City and County shall have free access, use and enjoyment of the Law Library, subject to the rules and regulations of the Trustees.

# PROOF OF SERVICE
(CCP 1013)

I am a citizen of the United States and an employee in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501-1091. On January 28, 2008, I served upon the following parties in this action:

Frank Sarro
225 Bush Street, 16th Floor
San Francisco, CA 94104

copies of the document(s) described as:

**DEFENDANTS SAN FRANCISCO BUILDING AND CONSTRUCTION TRADES COUNCIL AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22'S NOTICE OF MOTION AND MOTION TO DISMISS PRESENTING DEFENSES OF LACK OF JURISDICTION UNDER RULE 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

[X]    **BY MAIL** I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

I certify under penalty of perjury that the above is true and correct. Executed at Alameda, California, on January 28, 2008.

*Linda Dobbins*
Linda Dobbins

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001