1  JEFFREY SLOAN, ESQ. (SBN 078179)
   RANDY RIDDLE, ESQ. (SBN 121788)
2  RENNE SLOAN HOLTZMAN & SAKAI, LLP
   350 Sansome Street, Suite 300
3  San Francisco, CA 94104
   Telephone:   (415) 678-3800
4  Facsimile:   (415) 678-3838

5  Attorneys for Defendant,
   SAN FRANCISCO COMMUNITY COLLEGE DISTRICT
6

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

10

| LAWRENCE C. LAUSER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY COLLEGE OF SAN FRANCISCO, SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22,<br><br>Defendants. | Case No.: CV 07-6464SC<br><br>**DEFENDANT'S <u>AMENDED</u> MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:   April 4, 2008<br>Time:   10:00 a.m.<br>Dept:   1, 17th Floor<br>Judge:  Hon. Samuel Conti<br><br>Complaint Filed: December 26, 2007<br>Trial Date:   Not Set |
|---|---|

### I.   RELIEF REQUESTED

Defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT ("Defendant District") moves the Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for two independent reasons. First, the Court lacks subject matter jurisdiction. Second, the complaint fails to state a claim upon which relief may be granted.

The Complaint asserts jurisdiction pursuant to 28 U.S.C. sections 1331 and 1337, sections 157, 158 and 159 of the National Labor Relations Act, and section 301 of the Labor Management Relations Act. Defendant District, however, is a political subdivision of the State

of California and the City and County of San Francisco created pursuant to state and local law Cal. Const. Art. IX, §§ 14 and 16; Cal. Ed. Code § 66700; Charter for the City and County of San Francisco section 8.101, attached hereto with a request for judicial notice. Accordingly, the District is excluded from the definition of "employer" under the National Labor Relations Act ("NLRA"); 29 U.S.C. § 152(2) and Labor Management Relations Act ("LMRA"). 29 U.S.C. § 142(3).

Likewise, because the District is not an employer under the NLRA and LRMA, Plaintiff, consequently, is not an employee protected by the either Acts' provisions. 29 U.S.C. § 152(3); 29 U.S.C. § 142(3). Accordingly, there is no basis for plaintiff to assert federal jurisdiction. The Court should dismiss this action on this jurisdiction ground alone.

Moreover, the Complaint fails to state a claim for relief because Eleventh Amendment immunity applies to the Plaintiff's state law claim brought in this Court based on pendant jurisdiction. Additionally, Plaintiff has made no showing that he has complied with the requirements of either the California Tort Claims Act or the state's Educational Employment Relations Act prior to filing this Complaint. Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## II.  MEMORANDUM OF POINTS AND AUTHORITIES

### A.  STATEMENT OF FACTS

The following facts are drawn from the Complaint. Plaintiff Lawrence C. Lauser brings this action pursuant to section 301 of the Labor Management Relations Act of 1947 and sections 157, 158 and 159 of the National Labor Relations Act to recover damages and obtain an injunction against the San Francisco Community College District for alleged violations of a collective bargaining agreement. The Complaint alleges two causes of action under the collective bargaining agreement: (1) against Defendant San Francisco Community College District for wrongful termination by breach of the agreement under federal law and in violation of public policy under state law; and (2) against Defendant San Francisco Building and Construction Trade Council and United Brotherhood of Carpenters and Joiners of America Local

Union No. 22 ("Defendant Unions") for failing to fairly represent Plaintiff. The Complaint asserts that the Defendant Unions failed and refused to honor Plaintiff's requests for assistance.

The Complaint must be dismissed pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## B.  THIS COURT LACKS SUBJECT MATTER JURISDICTION

Dismissal under Rule 12(b)(1) is appropriate where the Court lacks subject matter jurisdiction. Here, Lauser attempts to invoke federal jurisdiction by bringing this action pursuant to Sections 157, 158, and 159 of the National Labor Relations Act and section 301 of Labor Management Relations Act. Plaintiff asserts jurisdiction pursuant to 28 U.S.C. section 1331, which confers jurisdiction arising under the Constitution, laws or treaties of the United States. His attempt to convert this dispute into a federal claim and invoke the jurisdiction of this Court fail.

The laws asserted by Plaintiff, the NLRA and LRMA, specifically exempt from their jurisdiction public agencies such as the Defendant District. The definition of "employer" as used in the NLRA expressly excludes "the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof. . . " 29 U.S.C. § 152(2). Community college districts are agencies of the state because they: (1) are created by the state; (2) receive complete funding from the state; (3) are subject to the state's legislative control; and (4) are governed by a board of trustees which is a state agency. *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988); *Cerrato v. San Francisco Community College District* 26 F.3d 968 (9th Cir. 1994) (claims against community college district under § 1983 were barred by Eleventh Amendment); *Lake Elsinore Unified School District* 83 Cal.App.4th 1098 (2000) (school district is an arm of the state.). As agencies of the state, community college districts are deemed political subdivisions and are, therefore, excluded from the authority of the NLRA. *NLRB v. Natural Gas Utility District of Hawkins County, Tennessee*, 402 U.S. 600 (1971).

3

DEFENDANT'S AMENDED MOTION AND MEMORANDUM OF Ps AND As IN SUPPORT OF MOTION TO DISMISS
Case No. CV 07-6464SC

Likewise, Plaintiff is not an "employee" entitled to protection under either of these federal statutory schemes. An "employee" as defined by the NLRA excludes individuals who are employed by "any other person who is not an employer as herein defined." 29 U.S.C. § 152(3). The LMRA incorporates the NLRA's definitions for employer, employee and labor organization. 29 U.S.C. § 142(3). Because the Defendant District is a political subdivision of the state and the Plaintiff is not an employee entitled to the protection provided by either Act, the District Court does not have jurisdiction over the claims made by Plaintiff. *Ayres v. Int'l Bhd. of Elec. Workers*, 666 F.2d 441, 444 (9th Cir. 1982).

Similarly, jurisdiction asserted under 28 U.S.C. section 1337(a) must fail because the contract arising between the parties is not one that arises under the laws of the United States "regulating commerce or protecting trade and commerce against restraints and monopolies." Here Plaintiff claims to bring this action pursuant to the LMRA which governs suits "for violations between an employer and a labor organization, representing employees in an industry affecting commerce." As stated above, Defendant District is not an employer as defined by the LMRA. A contract entered into by the Defendant District with its employee organizations over terms and conditions of employment is not a contract subject to the provisions of the LMRA. Cal. Gov. Code §§ 3547 (public notice and meeting requirements for bargaining proposals), 3547.5 (public disclosure requirement for all major provisions of the tentative agreement between district and employee organization before adoption by school board). Accordingly, this Court lacks subject matter jurisdiction over the Plaintiff's cause of actions under either the NLRA or LMRA. On this jurisdictional ground alone, the Court should dismiss this action.

Additionally, Plaintiff's allegation of wrongful termination under state law also cannot survive because proper jurisdiction before this Court depends on supplemental, or pendent, jurisdiction stemming from Plaintiff's allegations of violations of federal law. As amply demonstrated above, the Court lacks subject matter jurisdiction over the Plaintiff's causes of action under federal authority. Here, Eleventh Amendment immunity bars this Court from hearing state law claims brought in federal court under pendant jurisdiction. *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984); *Kelley v. Fleetwood Enterprises, Inc.*, 377

F.3d 1034, 1040 (9th Cir. 2004) (finding no claim within the court's original jurisdiction, court lacked subject matter jurisdiction over state law whistleblower claim). Accordingly, Plaintiff's pendant state law claim cannot be heard in this Court and should also be dismissed.

### C.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER FEDERAL LAW OR STATE LAW: ELEVENTH AMENDMENT IMMUNITY

The Complaint must also be dismissed under 12(b)(6) because it fails to state a claim upon which relief can be granted. In order to survive a 12(b)(6) motion to dismiss, a complaint must contain: (1) a short and plain statement of the Court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief and (3) a demand for judgment for the relief the plaintiff seeks. Fed. R.Civ. Proc. 8(a). Here, Plaintiff's complaint fails to state any actionable claim against Defendant District.

As demonstrated above, the Complaint fails to demonstrate that this Court has jurisdiction over the allegations. School districts are entitled to Eleventh Amendment immunity from suit in federal courts. *Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992) (finding school district an instrumentality under the *Mitchell v. Los Angeles Community College District, supra*; test because of California's treatment of schools as state agencies); *see also Holz v. Nenana City Public School Dist.*, 347 F.3d 1176 (9th Cir. 2003) (distinguishing California's established treatment of public schools as state agencies from Nevada's and Alaska's public schools which are more independent of the state). As Defendant District is a school district, thereby an instrumentality of the state, it is immune to suit in federal courts under the Eleventh Amendment. Accordingly, Plaintiff is not entitled to relief.

In any event, Plaintiff's requested relief is barred by the California Tort Claims Act. California Government Code section 905 requires would-be litigants to file tort claims with the governmental entity they propose to sue *prior* to initiating suit for money damages. Such tort claims must be filed within six months of the alleged injury. Cal.Gov. Code § 911.2; *Loehr v. Ventura Community College District* 147 Cal.App.3d 1071 (1984) (plaintiff seek relief for termination by community college district must substantially comply with the statutory

requirements before brining suit).  Here, Plaintiff has failed to allege any compliance with the California Tort Claims Act.

Also, Plaintiff has made no showing that he has initiated the process to exhaust his administrative remedies under the state law that governs employer-employee relations within the public school system, which is jurisdictional.  Cal. Gov. Code §§ 3540 *et seq.*  Under California law, the Public Employment Relations Board (PERB), the state agency charged with administration and enforcement of the Educational Employment Relations Act (EERA), is the appropriate avenue for unfair labor practice proceedings.  Cal Gov. Code § 3543.5 (unlawful for a public school employer to impose reprisals, discriminate, or otherwise interfere with, restrain or coerce an employee because of his exercise of rights guaranteed under the EERA).  Plaintiff has made no showing that he has initiated proceedings with PERB with regards to his claims of unfair labor practice.  Plaintiff has failed to exhaust his administrative remedies and is, therefore, not entitled to the relief sought.  *Leek v. Washington Unified Sch. Dist.*, 124 Cal.App.3d 43, 53 (Cal.Ct.App. 1981) ("It is a rule that in an administrative remedy is available, it must be exhausted.")  Cal. Gov. Code § 3541.5 (PERB has exclusive initial jurisdiction to determine unfair practice allegations); *El Rancho Unified School Dist. v. National Education Assn.*, 33 Cal. 3d 946, 953 (1983) (recognizing PERB's preemption of such claims.)  Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### III.   CONCLUSION

For all of the reasons cited herein, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: February 20, 2008                    RENNE SLOAN HOLTZMAN & SAKAI, LLP

By: _____

Randy Riddle
Attorneys for Defendant,
SAN FRANCISCO COMMUNITY
COLLEGE DISTRICT

6

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 350 Sansome St., Suite 300, San Francisco, CA, 94104.

On February 20, 2008, I served with following documents(s) by the method indicated below:

**DEFENDANT'S AMENDED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

☐ by transmitting via **facsimile** on this date from the fax number (415) 288-4528 the document(s) listed above to t he fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R. Ct. 2003(3)

☐ by placing the document(s) listed above in the sealed envelope(s) and by **causing messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On February 20, 2008, I caused to be served via messenger the above-listed documents.

☒ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Frank P. Sarro
Law Office of Frank P. Sarro
225 Bush Street, 16th Floor
San Francisco, CA 94104
Fax: 415-439-8833
Email: fpsarro@hotmail.com

*Attorney for Plaintiff, Lawrence Lauser*

Stewart Weinberg
Weinberg Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
courtnotices@unioncounsel.net

*Attorney for Defendants, SFBCTCU and United Brotherhood of Carpenters and Joinders of America, Local 22*

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made.

Executed on February 20, 2008, at San Francisco, California.

*Angie Perez*

7

Proof of Service - Def's Amended Motion and Memo Of Ps And As In Support Of Motion To Dismiss
Case No. C 07-06464 SC