Frank P. Sarro (State Bar No. 129780)
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 439-8877
Facsimile: (415) 439-8833

Attorney for Plaintiff
LAWRENCE C. LAUSER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE C. LAUSER, | **CASE NO. CV 07 6464 SC** |
| Plaintiff, | PLAINTIFF'S MEMORANDUM OF |
| v. | POINTS AND AUTHORITIES OPPOSING |
| CITY COLLEGE OF SAN FRANCISCO, SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS, and UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22, | DEFENDANT UNIONS' 12(b)(6) MOTION TO DISMISS |
| | Date:   March 7, 2008 |
| | Time:   10:00 a.m. |
| Defendants. | Courtroom: 1 (17th Floor) |

As a preliminary matter, plaintiff opposes defendant unions' request for judicial notice and moves to strike any extrinsic evidence attached to unions' motion to dismiss. The documents that the unions have appended to their 12(b)(6) motion to dismiss are not properly authenticated. The <u>unions</u> have submitted this evidence while the more natural party to authenticate it is defendant City College of San Francisco. In addition, extraneous material is more appropriate for a motion for summary judgment under FRCP 56 than a motion to dismiss under FRCP 12(b)(6). If the Court is inclined to consider extraneous evidence in ruling on a 12(b)(6) motion, plaintiff must be given the

1 opportunity to conduct discovery concerning City College's legal status and the hearing
2 on the motion to dismiss should be vacated.

The unions cited only one case in support of its motion to dismiss – <u>Storlazzi v. Bakey</u>, 894 F.Supp. 494 (D. Mass. 1995). It was summarily affirmed without discussion in a table of cases reported at 68 F.3d 455. This is an out-of-Circuit decision that is not binding on this Court. Furthermore, <u>Storlazzi</u> is distinguishable because the plaintiff there sued individual members of a <u>high school committee</u>. Here, plaintiff Lauser sues his employer, the City College of San Francisco.

The unions here omit telling this Court that binding Ninth Circuit precedent holds that plaintiff Lauser may maintain this action against his employer and unions regardless of whether the parties fit the precise definition of "employee," "employer" or "union." <u>Alvares v. Erickson</u>, 514 F.2d 156 (9th Cir. 1975) held that members of a local labor union could sue trustees of a statewide trust for uncommitted reserves attributable to prior contributions made by employers on behalf of the local's members. What matters for jurisdictional purposes is whether the lawsuit concerns alleged violations of a "contract" or collective bargaining agreement, not whether the parties are employees, employers or unions. The Ninth Circuit stated, <u>id</u>. at 162 (emphasis added):

> As the Supreme Court held in Smith v. Evening News Association, 1962, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246, section 301 refers to "contracts" between an employer and a labor organization – not to "suits" between them. In <u>Smith</u> the Court held that without joining the union as a party plaintiff, individual employees can sue under section 301 to enforce rights arising from a labor contract.
>
> <u>We do not accept the State Trustees' argument that Smith nonetheless implies that either a union or an employer must be a party to the action if section 301 is to be invoked. We think that such a requirement would be inconsistent with the Court's instruction in Smith</u>

Plaintiff's MPA Oppos'g 12(b)(6) Dismissal                                            -2-

<u>that section 301(a) is not to be given a narrow reading</u>.

This holding was followed and reinforced one year later by the Ninth Circuit. <u>Rehmar v. Smith</u>, 555 F.2d 1362 (9th Cir. 1976) held that the federal district court had jurisdiction under section 301 of the Labor Management Relations Act when a union member's widow brought an action against two pension fund trustees to recover survivor's benefits allegedly due her under a collectively bargained pension plan, even though the widow was not an "employee" and the trustees were not "employers." Again, the crucial consideration is whether the lawsuit concerns alleged violations of a "contract" or collective bargaining agreement. As the Court stated, <u>id</u>. at 1366 (emphasis added):

> Section 301 jurisdiction is not dependent upon the parties to the suit but rather the nature or subject matter of the action. <u>Jurisdiction exists as long as the suit is for violation of a contract between a union and employer even if neither party is a union or an employer</u>. <u>Alvares v. Erickson</u>, 514 F.2d 156, 162-64 (9th Cir.), <u>cert. denied</u>, 423 U.S. 874, 96 S.Ct. 143. 46 L.Ed.2d 106 (1975); <u>see</u> <u>Smith v. Evening News Association</u>, 371 U.S. 195, 200-01, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

Because of the unions' inappropriate inclusion of extrinsic evidence in their 12(b)(6) motion to dismiss, there is no proper evidence before this Court that the parties are anything but an employee, an employer and two unions. Again, if the Court is inclined to consider this evidence anyway, plaintiff should be given the chance to conduct discovery on the precise legal status of City College of San Francisco.

Plaintiff's research found that <u>Ayres v. IBEW</u>, 666 F.2d 441 (1982) dismissed a lawsuit on the grounds that the defendant employer was a political subdivision of a State. But in that case, "The parties agreed that the District [employer] is a political subdivision," <u>id</u>. at 442. There is <u>no</u> agreement here by plaintiff that City College of San Francisco is a political subdivision of the State of California.

Indeed, schools are often held not to be political subdivisions of the State. See, e.g., Stoddard v. School Dist. No. 1, Lincoln County, Wyoming, 429 F. Supp. 890, 893-894 (D.C. Wyo. 1977), aff'd in part, rev'd in part on other grounds, 590 F.2d 829 (9th Cir. 1979) (Wyoming school district held to be more like a municipal corporation than an arm of the state; even though it received more than a quarter of its funds from the state, significant factors were whether it procured liability insurance, held and conveyed real property, and had the power to discharge employees). See also Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 280-281, 97 S.Ct. 568, 572-573, 50 L.Ed.2d 471 (school board more like a county or city than an arm of the State; even though subject to guidance from the State Board of Education and receiving a significant amount of money from the State, the school board had the power to issue bonds and levy taxes).   This is all the more reason for this Court to deny the unions' 12(b)(6) motion to dismiss because there is insufficient evidence showing the precise nature of City College of San Francisco, including its powers and duties.

For all the above reasons, the unions' motion to dismiss should be denied.

Dated: February 21, 2008			Respectfully submitted,

						FRANK P. SARRO



						_____
						Attorney for Plaintiff
						LAWRENCE C. LAUSER

PROOF OF SERVICE

I am over the age of 18 and not a party to this action. My business address is 225 Bush St., 16th Floor, San Francisco, California 94104.

On the date below, I served the foregoing document on the parties in this action by enclosing a true copy in a sealed envelope with postage prepaid and depositing the envelope into the United States Mail at San Francisco, California, addressed to:

Stewart Weinberg
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091

Randy Riddle
Renne Sloan Holtzman & Sakai
350 Sansome St., Suite 300
San Francisco, CA 94104

I declare under penalty or perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 21, 2008, at San Francisco, California.

_____
Frank P. Sarro