Frank P. Sarro (State Bar No. 129780)
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 439-8877
Facsimile: (415) 439-8833

Attorney for Plaintiff
LAWRENCE C. LAUSER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. LAUSER,          ) | **CASE NO. CV 07 6464 SC** |
| Plaintiff,                   ) | CASE MANAGEMENT STATEMENT AND |
| v.                           ) | RULE 26(F) REPORT |
|                              ) | Date:        April 4, 2008 |
| CITY COLLEGE OF SAN FRANCISCO, ) | Time:        10:00 a.m. |
| SAN FRANCISCO BUILDING AND   ) | Courtroom:   1 (17th Floor) |
| CONSTRUCTION TRADE COUNCIL   ) | |
| UNIONS, and UNITED BROTHERHOOD ) | |
| OF CARPENTERS AND JOINERS OF ) | |
| AMERICA LOCAL UNION NO. 22,  ) | |
| Defendants.                  ) | |
| _____ | |

1. Jurisdiction and Service: Jurisdiction is conferred by 28 USC Section 1331, 28 USC Section 1337, Section 301 of the Labor Management Relations Act and Sections 7, 8 and 9 of the National Labor Relations Act. There are no issues regarding personal jurisdiction or venue and all parties have been served.

2. Facts: Plaintiff's allegations are:  Prior to his termination, plaintiff made safety complaints concerning buildings he inspected for his employer (CCSF) and requested that CCSF accommodate him with a half-time schedule. CCSF refused the accommodation and terminated plaintiff in retaliation for his safety complaints.

Case Management Statement & Rule 26(f) Report                                          -1-

Defendant unions refused to request arbitration for plaintiff. Defendants deny all of plaintiff's allegations.

3. Legal Issues: Defendants dispute whether this Court has jurisdiction and have made motions to dismiss on the bases that the collective bargaining agreement in effect between defendant CCSF and defendant unions is not a contract as defined by section 301 of the National Labor Relations Act, and that CCSF is entitled to 11th Amendment immunity, and whether the decision of the union to not pursue a grievance to arbitration was arbitrary, discriminatory or in bad faith.

4. Motions: Defendants' motions to dismiss are currently pending before this Court.

5. Amendment of Pleadings: As part of its rulings on the motions to dismiss, the Court may allow plaintiff to amend his complaint to allege exhaustion of administrative remedies.

6. Evidence Preservation: The parties intend to preserve all relevant documentary and electronic evidence.

7. Disclosures: Full disclosures of documents and witnesses are expected to occur on March 28, 2008.

8. Discovery: No discovery has been taken to date. The parties propose that written non-expert discovery be permitted through December 31, 2008, and that non-expert depositions be permitted through January 31, 2009.

9. Class Actions: This is not a class action.

10. Related Cases: There are no related cases.

11. Relief: Plaintiff seeks approximately $2,000,000 for wrongful termination, loss of business opportunities for being denied half-time employment, and breach of the union's duty of fair representation.

12. Plaintiff is amenable to mediation; defendants are still hoping this case will be dismissed.

13. Consent to Magistrate Judge For All Purposes: The parties do not so consent.

14. Other References: Not appropriate.

15. Narrowing of Issues: The parties are open to the possibility of expediting the presentation of evidence at trial through stipulations.

16. Expedited Schedule: Not appropriate.

17. Scheduling: The parties propose:  January 31, 2009 (cutoff for non-expert discovery); February 28, 2009 (deadline to designate experts); March 31, 2009 (cutoff for expert discovery), April 30, 2009 (last day to hear dispositive motions), May 31, 2009 (pretrial conference) and June 30, 2009 (trial).

18. Trial: Jury trial expected to last seven Court days.

19. Disclosure of Non-party Interested Entities or Persons: Not applicable.

20. Other matters: Not applicable.

Dated: March 28, 2008           Respectfully submitted,

                                FRANK P. SARRO

                                _____
                                Attorney for Plaintiff
                                LAWRENCE C. LAUSER

                                RENNE SLOAN HOLTZMAN & SAKAI


                                By_____
                                    RANDY RIDDLE
                                Attorneys for Defendant
                                CITY COLLEGE OF SAN FRANCISCO

                                WEINBERG, ROGER & ROSENFELD


                                By_____
                                    STEWART WEINBERG
                                Attorneys for Defendants
                                SAN FRANCISCO BUILDING AND
                                CONSTRUCTION TRADE COUNCIL UNIONS
                                And UNITED BROTHERHOOD OF
                                CARPENTERS AND JOINERS OF AMERICA
                                LOCAL UNION NO. 22