JEFFREY SLOAN, ESQ. (SBN 078179)
RANDY RIDDLE, ESQ. (SBN 121788)
RENNE SLOAN HOLTZMAN SAKAI, LLP
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 678-3800
Facsimile: (415) 678-3838

Attorneys for Defendant,
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. LAUSER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY COLLEGE OF SAN FRANCISCO, SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22,<br><br>　　　　Defendants. | **Case No.: CV 07-06464SC**<br><br>**DEFENDANT'S SAN FRANCISCO COMMUNITY COLLEGE DISTRICT REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>**Date:** April 4, 2008<br>**Time:** 10:00 a.m.<br>**Dept:** 1, 17th Floor<br>**Judge:** Hon. Samuel Conti<br><br>**Complaint Filed:** December 26, 2007<br>**Trial Date:** Not Set |

As explained in the moving papers, Plaintiff's Complaint is manifestly insufficient to invoke the jurisdiction of this Court.[1] His opposition papers do nothing to alter this conclusion. Accordingly, the Court should grant the Community College District's motion to dismiss.

---

[1] Plaintiff untimely served and filed its opposition to Defendant's motion to dismiss on March 21, 2008, only fourteen days before the originally scheduled hearing. Pursuant to ND CA Rule 7-3(a), any opposition to a motion must be filed and served not less than 21 days before the hearing date. Due to Plaintiff's untimely opposition brief, Defendant District is forced to file and serve an untimely reply brief. ND CA Rule 7-3(c) (any reply to an opposition must be filed and served on the moving party not less than 14 days before the hearing date). Per the court's standing orders regarding the timely submission of pleadings and briefs, Plaintiff's opposition motion must be stricken.

1

DEFENDANT'S SAN FRANCISCO COMMUNITY COLLEGE DISTRICT REPLY TO OPPOSITION TO MOTION TO DISMISS
Case No. CV 07-6464SC

## I. SAN FRANCISCO COMMUNITY COLLEGE DISTRICT IS NOT AN EMPLOYER SUBJECT TO THE NATIONAL LABOR RELATIONS ACT AND THE LABOR MANAGEMENT RELATIONS ACT

The National Labor Relations Act and its extension, the Labor Management Relations Act, exclude from the Acts' purview "any State or political subdivision thereof . . . ." 29 U.S.C. §§ 142(3) and 152(2). As set forth in our moving papers, community college districts are created pursuant to the California Constitution and Education Code. The California Constitution gives the state legislature the power "to provide for the incorporation and organization of school districts, high school districts and community college districts, of every kind and class. . . ." Cal. Con. Art. IX, § 14; Cal. Educ. Code §§ 66700, 70900. As a creation and agency of the state, Defendant District is not an employer as defined by the National Labor Relations Act and is, therefore, exempt from the provisions of the Act. 29 U.S.C. § 152(3); *NLRB v. Natural Gas Utility District of Hawkins County, Tennessee*, 402 U.S. 600 (1971).

Cases cited by Plaintiff miss the mark completely. Plaintiff argues jurisdiction conferred by section 301 of the Labor Management Relations Act exists as long as the suit "is for violation of a contract between a union and employer even if neither party [to the suit] is a union or an employer. *Alvares v. Erickson*, 514 F.2d 156, 162 – 64 (9th Cir. 1975), cert denied, 423 U.S. 874 (1975). Here, there is no violation of contract between a union and employer because the District demonstrably is *not* an employer according to the NLRA and LMRA's definitions. Because Defendant District is not an employer, any contract entered into by Defendant District is not a contract subject to the provisions of the LMRA. There is no basis for Plaintiff to assert federal jurisdiction because Defendant District is not an employer governed by either Act. Plaintiff's Complaint must be dismissed due to lack of subject matter jurisdiction.

## II. SAN FRANCISCO COMMUNITY COLLEGE DISTRICT IS AN INSTRUMENTALITY OF THE STATE

Community college districts in California are entitled to Eleventh Amendment immunity from suit in federal courts because they are state agencies. *Mitchell v. Los Angeles Community College District*, 861 F.2d 198 (9th Cir. 1988); *Cerrato v. San Francisco Community College District*, 26 F.3d 968 (9th Cir. 1994) (claims against this district for violations of Civil

2

RENNE SLOAN HOLTZMAN & SAKAI, LLP
Attorneys at Law

Rights Act were barred by Eleventh Amendment); *Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992) (finding school district an instrumentality of the state because of California's treatment of schools as state agencies). Community college districts are agencies of the state because they: (1) are created by the state; (2) receive complete funding from the state; (3) are subject to the state's legislative control; and (4) are governed by a board of trustees which is a state agency. *Mitchell, supra,* at 201. Courts have recognized that California's particular treatment of schools as state agencies is distinguishable from other jurisdictions, such as Alaska and Nevada, where school districts are not considered instrumentalities of the state. *Holz v. Nenana City Public School Dist.*, 347 F.3d 1176 (9th Cir. 2003).

Plaintiff simplistically argues that because Defendant District is a "city college" and does not have the word "state" in its name, it is subject to suit in federal court. As demonstrated above, California's established treatment of public schools as state agencies differentiates Defendant District from school districts in cases cited by Plaintiff. Accordingly, while it may be true that school districts in Ohio or Wyoming are municipal corporations, in California, school districts are creations of the state constitution and of state statute. Federal courts applying the standards for determining federal jurisdiction and immunity from have deemed community college districts as instrumentalities of the state. Defendant District's motion to dismiss is not premature and should be granted.

### III.   JUDICIAL NOTICE IS APPROPRIATE

Federal Rule of Evidence 201 provides that a court shall take judicial notice if requested by a party and supplied with the requisite information of a fact that is not subject to reasonable dispute because it is 1) generally known within the territorial jurisdiction of the trial court of 2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Article 8, section 8.101 of the Charter of the City and County of San Francisco is not subject to reasonable dispute. It is generally known within this court's territorial jurisdiction and the Charter can be capable of accurate and ready determination. A request for judicial notice of the City Charter is proper here because the court may properly consider matters

3

of public record including the law of the City and County of San Francisco. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

## IV. CONCLUSION

For all of the reasons cited herein, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure without leave to amend.

Dated: March 28, 2008                             RENNE SLOAN HOLTZMAN & SAKAI, LLP

By: _____/s/_____
Jeff Sloan
Randy Riddle
Attorneys for Defendant,
SAN FRANCISCO COMMUNITY
COLLEGE DISTRICT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 350 Sansome St., Suite 300, San Francisco, CA, 94104.

On March 28, 2008, I served with following documents(s) by the method indicated below:

**DEFENDANT'S SAN FRANCISCO COMMUNITY COLLEGE DISTRICT REPLY TO OPPOSITION TO MOTION TO DISMISS**

☒ by placing the document(s) listed above in the sealed envelope(s) and by **causing messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On March 28, 2008, I caused to be served via messenger the above-listed documents.

Frank P. Sarro
Law Office of Frank P. Sarro
225 Bush Street, 16th Floor
San Francisco, CA 94104
Fax: 415-439-8833

*Attorney for Plaintiff, Lawrence Lauser*

☒ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Stewart Weinberg
Weinberg Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
courtnotices@unioncounsel.net

*Attorney for Defendants, SFBCTCU and United Brotherhood of Carpenters and Joinders of America, Local 22*

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on March 28, 2008 at San Francisco, California.

*Natalie Larios*