JEFFREY SLOAN, ESQ. (SBN 078179)
RANDY RIDDLE. ESQ. (SBN 121788)
RENNE SLOAN HOLTZMAN & SAKAI, LLP
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone:    (415) 678-3800
Facsimile:    (415) 678-3838

Attorneys for Defendant,
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LAWRENCE C. LAUSER, | Case No.: CV 07-6464 SC |
|---|---|
| Plaintiff, | |
| vs. | **DECLARATION OF RANDY RIDDLE** |
| CITY COLLEGE OF SAN FRANCISCO, SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22, | **Complaint Filed:** December 26, 2007<br>**Trial Date:** Not Set |
| Defendants/Respondents | |

I, Randy Riddle, declare as follows:

1. I am a partner with the firm of Renne Sloan Holtzman Sakai LLP and have over twenty years of legal experience specifically in the areas of government and law and appellate advocacy on behalf of government agencies. I have personal knowledge of the following facts and am competent to testify about them.

2. On February 12, 2008, I drafted and sent a letter to Mr. Sarro, Mr. Lauser's attorney of record, articulating specific authority which clearly established the manifest lack of subject matter jurisdiction under the statutes identified in the Lauser's complaint. The letter further demanded that Mr. Sarro immediately withdraw the complaint in light of the

1

plain violation of Rule 11(b) of the Federal Rule of Civil Procedure, and requested that Mr. Sarro respond by close of business, February 15, 2008. A true and correct copy of Defendant District's letter is attached hereto as Exhibit A.

3. Mr. Sarro responded by letter on February 18, 2008 indicating that he would not withdraw the complaint. A true and correct copy of Mr. Sarro's response is attached hereto as Exhibit B.

4. On February 19, 2008, I responded to Mr. Sarro's letter. A true and correct copy of the letter is attached hereto as Exhibit C.

5. On February 27, 2008, I provided Mr. Sarro with a Notice of Motion seeking sanctions pursuant to Rule 11. This letter provided Mr. Sarro with the 21-day safe harbor provision as required by the rule. A true and correct copy of the letter with Proofs of Service is attached hereto as Exhibit D.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2 day of April 2008, in San Francisco, California.

_____
Randy Riddle

# Exhibit A



RENNE SLOAN HOLTZMAN SAKAI LLP

350 Sansome Street, Suite 300
San Francisco, CA 94104-1304
t: 415.678.3800
f: 415.678.3838

February 12, 2008

RANDY RIDDLE
(415) 678-3814
rriddle@rshslaw.com

*VIA FACSIMILE AND US MAIL*

Frank P. Sarro
225 Bush Street, 16th Floor
San Francisco, CA 94104

    Re:   *Lauser v. City College of San Francisco, et al.*
           **United States District Court, Case No. CV 07-6464SC**

Dear Mr. Sarro:

    We represent the San Francisco Community College District and have had an opportunity to review the Complaint filed in the above matter. By the allegations set forth in paragraphs 1 through 5, Plaintiff's Complaint alleges claims that are undeniably unwarranted by existing law, or any reasonable extension of existing law. Accordingly, unless you dismiss your Complaint against the District by Friday, February 15, 2008, the District will file a Rule 11(b) Motion for Sanctions, as well as a motion to dismiss the Complaint based on a manifest lack of subject matter jurisdiction.

    The Complaint alleges violations of both the National Labor Relations Act and the Labor Management Relations Act. As a matter of well-established law, however, the District is not subject to either the National Labor Relations Act (NLRA) or the Labor Management Relations Act (LMRA). The NLRA plainly excludes from the definition of employer "any state or political subdivision thereof." 29 U.S.C. § 152(2). Community college districts are dependent instrumentalities of the state and are thereby excluded from the NLRA's definition of employer as political subdivisions. Plaintiff is not an "employee" under the NLRA because the definition of employee specifically excludes "any individual employed … by any other person who is not an employer as herein defined." 29 U.S.C § 152(3). As the District is not an employer under the NLRA and Plaintiff is not an employee, Plaintiff is not entitled to any protection under the NLRA's provisions. The LMRA states that the terms "employer" and "employee" have the same meanings and, therefore, the same limitations, as used in the NLRA. 29 U.S.C. § 142(3). Accordingly, it is beyond reasonable dispute that the Plaintiff is not entitled to the protection of and cannot maintain his cause of actions under either the NLRA or LMRA. *Ayres v. Int'l Board of Electrical Workers*, 666 F.2d 441, 444 (9th Cir. 1982) (Section



RENNE SLOAN HOLTZMAN SAKAI LLP

Frank P. Sarro
Re: CV 07-6464SC
February 12, 2008
Page 2 of 3

301(a) of the LMRA does not grant the district court jurisdiction over the claims of an individual employed by a political subdivision).

There is a second, independent basis for concluding that the claims against the District are completely unsupported by current law or any reasonable extension of current law. Under clearly established law, the District has Eleventh Amendment immunity from the claims set forth in the Complaint. The Eleventh Amendment of the United States Constitutions prohibits the federal judiciary from entertaining suits "commenced or prosecuted against one of the United State by citizens of another State . . . ." U.S. Const. Amend. XI. This prohibition also extends to suits brought against the state by one of her own citizens. *Monaco v. Mississippi* (1934) 292 U.S. 313, 322. The District, as a dependent instrumentality of the state of California, is entitled to sovereign immunity from suit in federal court. *Mitchell v. Los Angeles Community College District* 861 F.2d 198, 201 (9th Cir. 1988).

Lastly, Plaintiff's wrongful termination claim is outside the jurisdiction of the federal court because it is dependent on supplemental subject matter jurisdiction stemming from alleged violations of federal law, which is indisputably absent here. Moreover, even if the Court could exercise pendent jurisdiction, this claim also fails because Plaintiff has failed to exhaust his administrative remedies under the controlling statutory authority. Plaintiff has made no showing that he has initiated the process to exhaust all administrative remedies under the state law that governs employer-employee relations within the public school system. Cal. Gov. Code §§ 3540 *et seq*. The Public Employment Relations Board is the appropriate avenue for a breach of a collective bargaining agreement between the District and its recognized employee organization. Equally significant, the Plaintiff has failed to file a claim with the District, as required by state's Tort Claims Act. Cal. Gov. Code §§ 905 and 911.2; *Loehr v. Ventura Community College District* (1984) 147 Cal.App.3d 1071. As Plaintiff has failed to exhaust his administrative remedies, the federal district court lacks subject matter jurisdiction.

Plaintiff and your firm have a duty under Rule 11 of the Federal Rules of Civil Procedure to conduct a reasonable investigation into the facts and law prior to filing the Complaint. As a part of this duty, and at a minimum, there was an obligation to identify the correct statutory authority and basis for the Complaint. Because no such authority and basis exists, you have failed to comply with this requirement. In light of this plain violation of Rule 11, the District demands that the Plaintiff immediately withdraw the Complaint. In the absence of a withdrawal, the District will expend resources in obtaining a dismissal of the Complaint. Ultimately, under Rule 11, the District will seek a remedy for this unnecessary expenditure of District resources for the costs and attorneys' fees required to respond to this frivolous complaint.




**RENNE SLOAN HOLTZMAN SAKAI LLP**

Frank P. Sarro
Re: CV 07-6464SC
February 12, 2008
Page 3 of 3

      Please respond to me by close of business on Friday, February 15, 2008.

Sincerely,

*[signature]*

Randy Riddle

cc:    Ronald Lee, Esq., San Francisco Community College District
        Stewart Weinberg, Esq.



```
02/12/2008 16:38 FAX   4156783838              RSHS                                    ☒001
                           *******************************
                           ***   MULTI TX/RX REPORT    ***
                           *******************************

    TX/RX NO            4858
    PGS.                   4
    TX/RX INCOMPLETE
                        -----
    TRANSACTION OK
                        (1)  94398833
                        (2)  92412331
                        (3)  915103371023
    ERROR INFORMATION
                        -----
```



# RENNE SLOAN HOLTZMAN SAKAI LLP
## PUBLIC LAW GROUP
### ATTORNEYS AT LAW
350 SANSOME STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 678-3800 FAX: (415) 678-3838

---

### FACSIMILE TRANSMITTAL SHEET*

| TO: | FROM: |
|---|---|
| Frank P. Sarro | Randy Riddle |

| FAX NUMBER: | DATE: |
|---|---|
| (415) 439-8833 | FEBRUARY 12, 2008 |

CC:
Ronald Lee, Esq.,
San Francisco Community College District

FAX NUMBER:
(415) 241-2331

CC:
Stewart Weinberg, Esq.

FAX NUMBER:
(510) 337-1023

| RE: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| *Lauser v. City College of San Francisco, et al.* | 4 |

☐ URGENT   ☑ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Exhibit B

# FRANK P. SARRO
### ATTORNEY AT LAW

225 BUSH STREET, SIXTEENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94104

February 18, 2008      PHONE (415) 439-8877     Page One of One
                      FAX (415) 439-8833

VIA FAX TO 415-678-3838 & VIA E-MAIL TO rriddle@publiclawgroup.com

Randy Riddle, Esq.
Renne Sloan
50 California St., Suite 2100
San Francisco, CA 94111-4621

Re:     Lauser v. CCSF et al., USDC N.D. California

Dear Mr. Riddle:

Most of the issues you raise in your recent letter to me will be addressed in plaintiff's opposition to the unions' motion to dismiss which will be filed on February 21, 2008. For example, various Ninth Circuit Courts have held that schools are not political subdivisions of the State and are more akin to municipal corporations, both for NLRA and 11th Amendment immunity purposes and therefore can be sued in federal court. In addition, Mr. Lauser complied or substantially complied with the Tort Claims Act with detailed notices he served on CCSF prior to suit concerning all the claims he has against CCSF. Surely CCSF cannot contend that, prior to suit, it was unaware of the claims Mr. Lauser would assert against CCSF. CCSF's own management in detailed letters issued its denial of Mr. Lauser's claims prior to suit.

I would caution you against bringing a Rule 11 motion for sanctions as there are viable arguments on both sides of all the issues you raise. Plaintiff is not aware of any binding Ninth Circuit precedent holding that City College of San Francisco is immune from suit under the circumstances here. Your bringing a motion for sanctions would lead to a level of acrimony that is not warranted and would force plaintiff to bring a Rule 11 motion for sanctions against you, your firm and CCSF for bringing a frivolous motion for sanctions. You will see in detail the arguments plaintiff has when his opposition is posted electronically on February 21.

In the meantime, plaintiff is willing to grant CCSF an extension of time to answer or otherwise respond to the complaint until after Judge Conti rules on the unions' motion to dismiss. This would save CCSF from having to expend attorney's fees to bring its own motions in case Judge Conti dismisses the case in its entirety on March 7. If you want to take advantage of this extension of time, just send me a confirming letter.

Very truly yours,

Frank P. Sarro

# Exhibit C



**RENNE SLOAN HOLTZMAN SAKAI LLP**

350 Sansome Street, Suite 300
San Francisco, CA 94104-1304
t: 415.678.3800
f: 415.678.3838

February 19, 2008

RANDY RIDDLE
(415) 678-3814
rriddle@rshslaw.com

**VIA FACSIMILE (415-439-8833) AND U.S. MAIL**

Frank P. Sarro, Esq.
225 Bush Street, Sixteenth Floor
San Francisco, CA 94104

Re:   *Lauser v. City College of San Francisco, et al.*
      United States District Court, Case No. CV 07-6464SC

Dear Mr. Sarro:

I write in response to your letter dated February 18, 2008. Your letter does not address at all the fundamental flaw in Mr. Lauser's complaint: that the court lacks any basis for federal jurisdiction. In other words, your letter fails to discuss, much less cite any authority to explain, on what basis Mr. Lauser has a viable claim under either the National Labor Relations Act or the Labor Management Relations Act. San Francisco Community College District is a dependent instrumentality of the state and, as such, is a political subdivision outside the jurisdiction of the federal labor statutes. You have provided no authority to the contrary nor am I aware of any. Absent such authority, there is no reasonable, good faith basis to assert federal jurisdiction in this case.

Neither I, nor the District, take the filing of a Rule 11 motion for sanctions lightly. In fact, to the best of my recollection, this is the first such motion I have filed in my twenty years of practice. However, the failure of the complaint or your letter to properly establish any reasonable basis for asserting federal court jurisdiction over this matter, when it is abundantly clear that the court is without jurisdiction, warrants the filing of a Rule 11 motion for sanctions.

Finally, you suggest that we may wish to stipulate to an extension of our time to respond in order see what action the court takes on the union's motion to dismiss. The March 7, 2008 hearing, however, only involves the union's motion to dismiss. Because there is no guarantee that the complaint would be dismissed in its entirety as a result of that hearing – or that you would not appeal a ruling dismissing the action – the District


RENNE SLOAN HOLTZMAN SAKAI LLP

Frank P. Sarro, Esq.
*Re: Lauser v. City College of San Francisco, et al.*
Page 2 of 2

will file its response this afternoon. Because your letter was received at such a late date – three days after the deadline set in my letter to you – the District's response to Mr. Lauser's complaint was complete. Accordingly, we see no purpose at this time to agreeing to an extension.

Sincerely,

Randy Riddle
RR/jloc

02/19/2008 16:42 FAX 4156783838    RSHS    ☒001

```
*********************
***   TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO              4883
RECIPIENT ADDRESS     94398833
DESTINATION ID
ST. TIME              02/19 16:40
TIME USE              01'50
PAGES SENT            3
RESULT                OK
```



# RENNE SLOAN HOLTZMAN SAKAI LLP
## PUBLIC LAW GROUP
### ATTORNEYS AT LAW
350 SANSOME STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 678-3800 FAX: (415) 678-3838

---

**FACSIMILE TRANSMITTAL SHEET***

| TO: | FROM: |
|---|---|
| Frank P. Sarro, Esq. | Randy Riddle |
| **FAX NUMBER:** | **DATE:** |
| 415-439-8833 | FEBRUARY 19, 2008 |
| **RE:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| Lauser v. City College of SF, et al. | 3 |

☐ URGENT   ☑ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS.

Exhibit D



**RENNE SLOAN HOLTZMAN SAKAI LLP**

350 Sansome Street, Suite 300
San Francisco, CA 94104-1304
t: 415.678.3800
f: 415.678.3838

RANDY RIDDLE
(415) 678-3814
rriddle@rshslaw.com

February 27, 2008

**VIA PERSONAL SERVICE**

Frank P. Sarro, Esq.
225 Bush Street, Sixteenth Floor
San Francisco, CA 94104

   Re: *Lauser v. City College of San Francisco, et al.*
      **United States District Court, Case No. CV 07-6464SC**

Dear Mr. Sarro:

  Please find enclosed Defendant District's Rule 11 Motion seeking sanctions for alleging claims in the above referenced case that are undeniably unwarranted by existing law, or any reasonable extension of existing law. Pursuant to the safe harbor provisions in Rule 11 of the Federal Rules of Civil Procedure, we are serving you with the Motion for Sanctions and the Memorandum of Points and Authorities in Support prior to filing the motion and the corresponding papers in court.

  Defendant District will not file the Rule 11 Motion for Sanctions if, during the safe harbor period:

  1) You dismiss your client's complaint with prejudice; or

  2) The Court dismisses the claim against the District at the hearing scheduled for March 7, 2008, and your client unequivocally states in writing that he will not appeal or seek reconsideration of that ruling.

If you do neither before the safe harbor period of twenty one (21) days expires, the District will be forced to file its Rule 11 Motion for Sanctions.

  Please feel free to contact me should you have any questions.

Sincerely,

*/s/ Randy Riddle*
Randy Riddle

Encl.
cc: Ron Lee, San Francisco City College
   Stewart Weinberg, Esq.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 350 Sansome St., Suite 300, San Francisco, CA, 94104.

On February 27, 2008, I served with following documents(s) by the method indicated below:

**DEFENDANTS SAN FRANCISCO COMMUNITY COLLEGE DISTRICT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11**

☒ by placing the document(s) listed above in the sealed envelope(s) and by **causing messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On February 27, 2008, I caused to be served via messenger the above-listed documents.

Frank P. Sarro
Law Office of Frank P. Sarro
225 Bush Street, 16th Floor
San Francisco, CA 94104
Fax: 415-439-8833

*Attorney for Plaintiff, Lawrence Lauser*

☒ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Stewart Weinberg
Weinberg Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
courtnotices@unioncounsel.net

*Attorney for Defendants, SFBCTCU and United Brotherhood of Carpenters and Joinders of America, Local 22*

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on February 27, 2008, at San Francisco, California.

_____
Natalie Larios

Proof of Service - DEFENDANT'S NOTICE OF MOTION FOR SANCTIONS
Case No. CV 07-6464SC

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 350 Sansome St., Suite 300, San Francisco, CA, 94104.

On February 27, 2008, I served with following documents(s) by the method indicated below:

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS**

☒ by placing the document(s) listed above in the sealed envelope(s) and by **causing messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On February 27, 2008, I caused to be served via messenger the above-listed documents.

Frank P. Sarro
Law Office of Frank P. Sarro
225 Bush Street, 16th Floor
San Francisco, CA 94104
Fax: 415-439-8833

*Attorney for Plaintiff, Lawrence Lauser*

☒ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Stewart Weinberg
Weinberg Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
courtnotices@unioncounsel.net

*Attorney for Defendants, SFBCTCU and United Brotherhood of Carpenters and Joinders of America, Local 22*

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on February 27, 2008, at San Francisco, California.

_____
*Natalie Larios*

PROOF OF SERVICE — DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
Case No. C 07-6464SC