JEFFREY SLOAN, ESQ. (SBN 078179)
RANDY RIDDLE, ESQ. (SBN 121788)
RENNE SLOAN HOLTZMAN & SAKAI, LLP
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 678-3800
Facsimile: (415) 678-3838

Attorneys for Defendant,
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. LAUSER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY COLLEGE OF SAN FRANCISCO, SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22,<br><br>Defendants. | Case No.: CV 07-6464SC<br><br>**DEFENDANT CITY COLLEGE OF SAN FRANCISCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Date: May 23, 2008<br>Time: 10:00 a.m.<br>Dept: 1<br>Judge: Hon. Samuel Conti<br><br>Complaint Filed: December 26, 2007<br>Trial Date: Not Set |

## I.  RELIEF REQUESTED

Defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT ("Defendant District") moves the Court to impose monetary sanctions upon Plaintiff's counsel for violation of Federal Rule of Civil Procedure 11(b)(2) by presenting a Complaint that alleges claims unwarranted by existing law or any reasonable extension of existing law in an effort to gain federal subject matter jurisdiction. Pursuant to Rule 11(c)(2), Defendant District requests that the Court award reasonable fees and expenses incurred by Defendant District for the preparation and filing of this Motion, the associated Motion to Dismiss, and for all other fees and expenses directly resulting from Plaintiff's violation.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. STATEMENT OF FACTS

On December 26, 2007, Plaintiff filed the Complaint in this matter asserting that "jurisdiction of this action is conferred by 28 USC Section 1331, 28 USC Section 1337, Section 301 of the Labor Management Relations Act and Sections 157, 158 and 159 of the National Labor Relations Act." Compl. ¶ 2.

On January 28, 2008, Defendants San Francisco Building and Construction Trades Council and United Brotherhood of Carpenters and Joiners of America Local Union 22 served Mr. Sarro with their Motion to Dismiss and supporting Memorandum of Points and Authorities. Their Motion to Dismiss cited specific authority which clearly established Plaintiff's manifest lack of subject matter jurisdiction under the statutes identified in the Complaint.

On February 12, 2008, Defendant District's counsel sent a letter to Plaintiff's attorney of record, Mr. Sarro, pointing out similar specific authority which clearly established the manifest lack of subject matter jurisdiction under the statutes identified in the Complaint. The letter further demanded that Plaintiff immediately withdraw the complaint in light of the plain violation of Rule 11(b), and requested that Mr. Sarro respond by close of business, February 15, 2008. A copy of Defendant District's letter is attached hereto as Exhibit 1. Mr. Sarro did not respond until February 18, 2008. In his letter, Mr. Sarro states that Lauser's complaint is supported by case law but the letter fails to cite to any cases.

Pursuant to the "safe harbor" provision in Rule 11(c)(1)(a), Mr. Sarro was served with this Motion on February 27, 2008.

Despite these efforts, Mr. Sarro has continued to refuse to withdraw the Complaint.

### B. ARGUMENT

Mr. Sarro violated Rule 11(b)(2) by signing and filing a complaint which he must have known lacked a factual foundation for federal court subject matter jurisdiction. Monetary sanctions are appropriate and warranted under Rule 11(c) in light of Mr. Sarro's refusal to voluntarily withdraw the offending Complaint which has, in turn, forced Defendants to expend time and resources to move this Court for dismissal.

### 1. PLAINTIFF'S CLAIM OF SUBJECT MATTER JURISDICTION IS NOT WARRANTED BY EXISTING LAW OR ANY REASONABLE EXTENSION OF EXISTING LAW

Rule 11(b)(2) provides that, by filing a signed pleading with the court, an attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law."

An attorney violates this provision when "it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d. Cir. 1985). In other words, this standard is violated if no "plausible good faith argument can be made by a competent attorney to the contrary." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 833 (9th Cir. 1986). This standard is violated by the filing of a complaint in federal court which the plaintiff must have known lacked federal subject matter jurisdiction. *Orange Production Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986).

The lack of subject matter jurisdiction in this case is a matter of settled law and immune from argument to the contrary. As detailed more fully in Defendant District's Motion to Dismiss, Plaintiff's reliance upon the National Labor Relations Act (NLRA) or the Labor Management Relations Act (LMRA), as means to confer federal subject matter jurisdiction through 28 U.S.C. § 1331, ignores the plain language of each statute. Defendant District, as a political subdivision of the state, is excluded from the definition of "employer" under the NLRA. 29 U.S.C. § 152(2). *NLRB v. Natural Gas Utility District of Hawkins County, Tennessee*, 402 U.S. 600 (1971) (articulating the two pronged test to determine whether an employer is a political subdivision and therefore exempt from the NLRA); *Children's Village Inc.*, 197 NLRB 1218 (1972) ("well settled that local public school boards do not come within the definition of 'employer' as set out in Section 2(2)"). Plaintiff, as an employee of Defendant District is excluded from the definition of "employee" under the NLRA. 29 U.S.C. § 152(3). The LMRA states that the terms "employer" and "employee" have the same meanings and, therefore, the

same limitations, as used in the NLRA. 29 U.S.C. § 142(3). Accordingly, it is beyond any dispute that Plaintiff is not entitled to the protection of and cannot maintain his causes of action under either the NLRA or the LMRA.

Plaintiff also attempts to assert jurisdiction through 28 U.S.C. § 1337(a) which gives district courts jurisdiction of any civil action arising under the laws of the United States "regulating commerce or protecting trade against restraints and monopolies." However, because Defendant District is not an employer as defined by the LMRA, which allows district courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce…" (29 U.S.C. § 185(a)), The Defendant District is not an employer subject to the provisions of the LMRA or section 1337(a).

Additionally, Lauser's allegation of wrongful termination under state law cannot survive because proper jurisdiction before the federal district court depends on supplemental, or pendant, jurisdiction stemming from Lauser's allegations of violations of federal labor law. As demonstrated above, the Court lacks subject matter jurisdiction over the Lauser's causes of action under federal authority. As a result, the Court lacks jurisdiction to hear Lauser's pendant state claim. *Kelley v. Fleetwood Enterprises, Inc.*, 337 F.3d 1034, 1040 (9th Cir. 2004) (finding no claim within the court's original jurisdiction, court lacked subject matter jurisdiction over state law whistleblower claim).

Further, as demonstrated above, Defendant District is a dependant instrumentality of the state and as such, is entitled to sovereign immunity from suit in Federal Court under the Eleventh Amendment. *Cerrato v. San Francisco Community College District*, 861 F.2d 198, 201 (9th Cir. 1988) (claims against community college district under §1983 were barred by Eleventh Amendment); *Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992) (finding school district an instrumentality under the *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988) test because of California's treatment of schools as state agencies). As Defendant District is a school district, and thereby an instrumentality of the state, it is immune to suit in federal courts under the Eleventh Amendment. Here, Eleventh

Amendment immunity also bars federal courts from hearing state law claims brought under pendant jurisdiction. *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

For the foregoing reasons, and as a veteran member of the California State Bar, Mr. Sarro must have known at the time that he filed this Complaint that Lauser's claims against Defendant District were not within this Court's jurisdiction. Assuming that his frivolous claims of subject matter jurisdiction were a product of mistake or excusable negligence, Mr. Sarro given the opportunity by Defendant District to voluntarily withdraw his Complaint by way of letter and early service of this Motion but, to date, he has refused to do so. Accordingly, this Court should find that Mr. Sarro violated Rule 11 and impose appropriate sanctions.

## 2.  MONETARY SANCTIONS ARE WARRANTED

Upon a finding of a Rule 11(b) violation, a court may "award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion" and "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses resulting from the violation" if warranted for effective deterrence of the conduct. Rule 11(c)(2) and 11(c)(4).

Mr. Sarro's conduct was particularly egregious here and justifies that monetary sanctions be awarded to Defendant District. As described above, Mr. Sarro signed and filed a complaint containing patently unwarranted claims of subject matter jurisdiction. Moreover, when given notice of the unwarranted claims and offered the opportunity to withdraw the complaint, Mr. Sarro refused. As a result of his willful and improper conduct, the Court should order Mr. Sarro to pay all of Defendant District's attorneys' fees and expenses resulting from his violations.

## III.  CONCLUSION

For all of the reasons cited herein, the Court should find that Mr. Sarro and his counsel violated Rule 11(b) and may appropriately award monetary sanctions to Defendant District for the reasonable fees and expenses required to prepare, file and argue this Motion and the Motion to Dismiss.

Dated: February 27, 2008        RENNE SLOAN HOLTZMAN & SAKAI, LLP

By: _____/s/_____
Jeffrey Sloan
Randy Riddle
Attorneys for Defendant,
SAN FRANCISCO COMMUNITY
COLLEGE DISTRICT

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
Case No. CV 07-6464SC