Frank P. Sarro (State Bar No. 129780)
225 Bush Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 439-8877
Facsimile: (415) 439-8833

Attorney for Plaintiff
LAWRENCE C. LAUSER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. LAUSER, | **CASE NO. CV 07 6464 SC** |
| Plaintiff, | PLAINTIFF'S MEMORANDUM OF |
| | POINTS AND AUTHORITIES OPPOSING |
| v. | DEFENDANT CCSF'S MOTION FOR |
| CITY COLLEGE OF SAN FRANCISCO, | SANCTIONS |
| SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL | Date:        May 23, 2008 |
| UNIONS, and UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF | Time:        10:00 a.m. |
| AMERICA LOCAL UNION NO. 22, | |
| Defendants. | Courtroom:  1 (17th Floor) |
| _____ | |

## I. INTRODUCTION

It is by no means clear that this Court lacks subject matter jurisdiction. Even if the Court were to decide it lacks jurisdiction, plaintiff's Complaint was properly filed in this Court because non-frivolous arguments exist in support of this Court's jurisdiction as detailed in plaintiff's briefs opposing defendants' motions to dismiss. CCSF's threat of sanctions and its actual motion for sanctions are reprehensible bullying tactics attempting to coerce plaintiff into giving up his rights to legal redress for his wrongful termination and his union's arbitrary refusal to request arbitration for him.

Plaintiff's MPA Oppos'g Sanctions                                    -1-

## II. ARGUMENT

It is not at all clear that CCSF is a "political subdivision of the state." As argued in plaintiff's brief opposing CCSF's and the unions' motions to dismiss, not all schools or all school boards are held to be political subdivisions of the State. Deciding whether a particular school is a political subdivision of the State requires factual determinations that include how independent the school is from the State, how much money the State gives the school, and how much influence the State has over the school's operation. This is not something that can be decided as a matter of law on a motion to dismiss because it is so fact specific.

We know from public websites that CCSF has issued hundreds of millions of dollars of bonds to fund itself over the last few years, while the State of California has only contributed a fraction of CCSF's budget in that time. (Public websites that include information on the hundreds of millions of dollars in recent CCSF bonds include http://www.sfbayguardian.com/entry.php?catid=4&entry_id=3979 and http://chronicle.com/news/article/3739/city-college-of-san-francisco-admits-spending-money-on-local-bond-measure. The Bay Guardian website cited above also include information about how CCSF has engaged in the for-profit activity of leasing out its gym to a private enterprise.) In Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 280-281, 97 S.Ct. 568, 572-573, 50 L.Ed.2d 471, the United States Supreme Court held that a school board was not a political subdivision of the State and not entitled to 11th Amendment immunity when it had the power to issue bonds (even while subject to guidance from the State Board of Education and receiving a significant amount of money from the State).

Every school is different and the facts surrounding each school and its relationship to the State must be carefully analyzed. For example, in Stoddard v. School Dist. No. 1, Lincoln County, Wyoming, 429 F. Supp. 890, 893-894 (D.C. Wyo. 1977), aff'd in part, rev'd in part on other grounds, 590 F.2d 829 (9th Cir. 1979), a school district was held to be more like a municipal corporation than an arm of the

Plaintiff's MPA Oppos'g Sanctions                                    -2-

1   state.  Even though it received more than a quarter of its funds from the state,

2   significant factors were whether it procured liability insurance, held and conveyed real

3   property, and had the power to discharge employees.

4   _____Accordingly, it is not at all clear that CCSF is a political subdivision of the State

5   of California.  Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th

6   Cir. 1988) teaches that the following factors must be examined to determine whether a

7   defendant is an arm of the state: (1) whether a money judgment would be satisfied out

8   of state funds, (2) whether the entity performs central governmental functions, (3)

9   whether the entity may sue or be sued, (4) whether the entity has the power to take

10  property in its own name or only the name of the state, and (5) the corporate status of

11  the entity.  Furthermore, CCSF's representation to this Court – that CCSF "receive[s]

12  complete funding from the state" – is not accurate.  To the contrary, CCSF has issued

13  hundreds of millions of dollars in bonds over the last several years.  In addition, CCSF

14  operates its own businesses and derives income from paid sporting and theatrical

15  events, lease of CCSF's new sports facility to Lick Wilmerding School, paid parking

16  facilities, lease of public building space to vendors at the Main and Downtown

17  Campuses, multiple retail book stores, cafeterias and specialty restaurants – all of

18  which the State of California does not fund.  In addition, CCSF owns property in its own

19  name at 33 Gough Street in San Francisco and at the San Francisco Airport.  Thus, the

20  five Mitchell factors weigh heavily in favor of finding that CCSF is not a dependent

21  instrumentality of the State of California.  Cerrato v. San Francisco Community College

22  District, 26 F.3d 968, 972 (9th Cir. 1994) is not to the contrary because there the court

23  never analyzed the five Mitchell factors and assumed that all community colleges in

24  California are the same.  What plaintiff has been able to find out so far is that CCSF

25  runs its own businesses and funds most of its own programs so that it resembles a

26  business corporation more than anything else.  It is certainly run differently from the

27  Los Angeles Community College District in the Mitchell case.

28  CCSF neglects to tell this Court that binding Ninth Circuit precedent holds that

Plaintiff's MPA Oppos'g Sanctions                                          -3-

1  plaintiff Lauser may maintain this action against his employer and unions regardless of

2  whether the parties fit the precise definition of "employee," "employer" or "union."

3  Alvares v. Erickson, 514 F.2d 156 (9th Cir. 1975) held that members of a local labor

4  union could sue trustees of a statewide trust for uncommitted reserves attributable to

5  prior contributions made by employers on behalf of the local's members.  What matters

6  for jurisdictional purposes is whether the lawsuit concerns alleged violations of a

7  "contract" or collective bargaining agreement, not whether the parties are employees,

8  employers or unions.  The Ninth Circuit stated, id. at 162 (emphasis added):

9          As the Supreme Court held in Smith v. Evening News Association, 1962,

10         371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246, section 301 refers to

11         "contracts" between an employer and a labor organization – not to "suits"

12         between them.  In Smith the Court held that without joining the union as a

13         party plaintiff, individual employees can sue under section 301 to enforce

14         rights arising from a labor contract.

15         We do not accept the State Trustees' argument that Smith

16         nonetheless implies that either a union or an employer must be a party to

17         the action if section 301 is to be invoked.  We think that such a

18         requirement would be inconsistent with the Court's instruction in Smith

19         that section 301(a) is not to be given a narrow reading.

20

21         _____This holding was followed and reinforced one year later by the Ninth Circuit.

22  Rehmar v. Smith, 555 F.2d 1362 (9th Cir. 1976) held that the federal district court had

23  jurisdiction under section 301 of the Labor Management Relations Act when a union

24  member's widow brought an action against two pension fund trustees to recover

25  survivor's benefits allegedly due her under a collectively bargained pension plan, even

26  though the widow was not an "employee" and the trustees were not "employers."

27  Again, the crucial consideration is whether the lawsuit concerns alleged violations of a

28  "contract" or collective bargaining agreement.  As the Court stated, id. at 1366

Plaintiff's MPA Oppos'g Sanctions                                        -4-

(emphasis added):

> Section 301 jurisdiction is not dependent upon the parties to the suit but rather the nature or subject matter of the action. <u>Jurisdiction exists as long as the suit is for violation of a contract between a union and employer even if neither party is a union or an employer</u>. Alvares v. Erickson, 514 F.2d 156, 162-64 (9th Cir.), <u>cert. denied</u>, 423 U.S. 874, 96 S.Ct. 143. 46 L.Ed.2d 106 (1975); <u>see</u> Smith v. Evening News Association, 371 U.S. 195, 200-01, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

In plaintiff's opposition to defendants' motions to dismiss, plaintiff cited a case adverse to his interests but successfully argued that that case was distinguishable. Specifically, as disclosed in plaintiff's briefs opposing dismissal, plaintiff acknowledged that <u>Ayres v. IBEW</u>, 666 F.2d 441 (1982) dismissed a lawsuit on the grounds that the defendant employer was a political subdivision of a State. But in that case, "The parties agreed that the District [employer] is a political subdivision," <u>id</u>. at 442. There is <u>no</u> agreement here by plaintiff that City College of San Francisco is a political subdivision of the State of California.

Indeed, as discussed above, schools and school boards are often held <u>not</u> to be political subdivisions of the State. <u>Stoddard v. School Dist. No. 1, Lincoln County, Wyoming</u>, 429 F. Supp. 890, 893-894 (D.C. Wyo. 1977), aff'd in part, rev'd in part on other grounds, 590 F.2d 829 (9th Cir. 1979). <u>See also</u> <u>Mt. Healthy City School District Board of Education v. Doyle</u>, 429 U.S. 274, 280-281, 97 S.Ct. 568, 572-573, 50 L.Ed.2d 471 (school board more like a county or city than an arm of the State and <u>not</u> entitled to 11th Amendment immunity; even though subject to guidance from the State Board of Education and receiving a significant amount of money from the State, the school board had the power to issue bonds and levy taxes).

If CCSF is <u>not</u> a political subdivision of the State of California, then this Court has subject matter jurisdiction pursuant to the statutes cited in plaintiff's Complaint. At the very least, plaintiff has advanced non-frivolous arguments showing that there is a

Plaintiff's MPA Oppos'g Sanctions                                        -5-

1    good faith doubt over whether or not CCSF is a political subdivision of the state.

2        Plaintiff believes that the application of existing law should bring this Court to

3    conclude that CCSF is not necessarily a political subdivision of the state and that

4    plaintiff has properly invoked this Court's subject matter jurisdiction.  However, even if

5    this Court concludes that defendants' motions to dismiss should be granted, CCSF's

6    motion for sanctions should be denied because plaintiff in good faith advanced several

7    non-frivolous arguments for extending, modifying, or reversing existing law or for

8    establishing new law with respect to this Court's jurisdiction over CCSF.

9                                    III.  <u>CONCLUSION</u>

10        For all the above reasons, CCSF's motion for sanctions should be denied.

11    Instead, this Court should award plaintiff the amount of attorney's fees he was forced to

12    spend to respond to CCSF's frivolous motion for sanctions.

13    Dated: May 2, 2008                    Respectfully submitted,

14                                          FRANK P. SARRO

15

16                                          _____

17                                          Attorney for Plaintiff
                                            LAWRENCE C. LAUSER

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I am over the age of 18 and not a party to this action. My business address is 225 Bush St., 16th Floor, San Francisco, California 94104.

On the date below, I served the foregoing document on the parties in this action by enclosing a true copy in a sealed envelope with postage prepaid and depositing the envelope into the United States Mail at San Francisco, California, addressed to:

Stewart Weinberg
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091

Randy Riddle
Renne Sloan Holtzman & Sakai
350 Sansome St., Suite 300
San Francisco, CA 94104

I declare under penalty or perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 2, 2008, at San Francisco, California.


_____
Frank P. Sarro

Plaintiff's MPA Oppos'g Sanctions                                    -7-