JEFFREY SLOAN, ESQ. (SBN 078179)
RANDY RIDDLE, ESQ. (SBN 121788)
RENNE SLOAN HOLTZMAN SAKAI, LLP
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 678-3800
Facsimile: (415) 678-3838

Attorneys for Defendant,
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. LAUSER,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY COLLEGE OF SAN FRANCISCO, SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22,<br><br>            Defendants. | **Case No.: CV 07-06464SC**<br><br>**DEFENDANT SAN FRANCISCO COMMUNITY COLLEGE DISTRICT'S REPLY TO OPPOSITION TO MOTION FOR SANCTIONS**<br><br>**Date: May 23, 2008**<br>**Time: 10:00 a.m.**<br>**Dept: 1, 17th Floor**<br>**Judge:     Hon. Samuel Conti**<br><br>**Complaint Filed:     December 26, 2007**<br>**Trial Date:               Not Set** |

As set forth in the moving papers, Plaintiff's Complaint is manifestly insufficient to invoke the jurisdiction of this Court. Plaintiff's opposition to Defendant's motion for sanctions, again, completely misses the mark. Despite ample opportunities to withdraw the Complaint and avoid sanctions, Plaintiff has forged ahead with his frivolous arguments and misapplication of case law and, in turn, forced Defendant – and this Court – to expend time and resources in order to respond. Accordingly, the Court should grant the Community College District's motion for sanctions.

I.   **IT IS CLEAR THAT PLAINTIFF'S CLAIM OF SUBJECT MATTER JURISDICTION IS NOT WARRANTED BY EXISTING LAW OR ANY REASONABLE EXTENSION OF EXISTING LAW**

   A.   **SAN FRANCISCO COMMUNITY COLLEGE DISTRICT IS NOT AN EMPLOYER SUBJECT TO THE NATIONAL LABOR RELATIONS ACT AND THE LABOR MANAGEMENT RELATIONS ACT**

Lauser suggests that courts must engage in case by case assessment of whether California school districts and community college districts are political subdivisions of the state, and thereby exempt from the purview of the National Labor Relations Act and its extension, the Labor Management Relations Act. This argument is manifestly wrong.

The lack of subject matter jurisdiction in this case is a matter of settled law and immune from argument to the contrary. As set forth in the District's moving papers, community college districts are created pursuant to the California Constitution and Education Code. The California Constitution gives the state legislature the power "to provide for the incorporation and organization of school districts, high school districts and community college districts, of every kind and class. . . ." Cal. Con. Art. IX, § 14; Cal. Educ. Code §§ 66700, 70900.

As a creation and agency of the state, Defendant District is not an employer as defined by the National Labor Relations Act and is, therefore, exempt from the provisions of the Act. 29 U.S.C. § 152(3); 29 U.S.C. § 142(3); *NLRB v. Natural Gas Utility District of Hawkins County, Tennessee*, 402 U.S. 600 (1971); *NLRB v. Children's Village, Inc.*, 197 NLRB 1218 (1972). The Plaintiff's reliance on the National Labor Relations Act or the Labor Management Relations Act as a means to confer federal subject matter jurisdiction ignores the plain language of the each statute.

The two cases cited by Plaintiff to establish federal jurisdiction under the NLRA and LMRA are inapposite. Plaintiff cites *Alvares v. Erickson*, 514 F.2d 156 (9th Cir. 1975), cert denied, 423 U.S. 874 (1975) and *Rehmar v. Smith*, 555 F. 2d 1362 (9th Cir. 1975) to assert that federal jurisdiction exists as long as the suit is for violation of a contract between an employer and union, even if neither party [to the suit] is an employer or union. (Pl.'s Opp. at 4-5). Though the two cases say a non-party has standing to bring suit, both cases involve contracts enforceable

RENNE SLOAN HOLTZMAN & SAKAI, LLP
Attorneys at Law

under the LMRA.  Here, Plaintiff fails to mention that the relevant employers, unions and the contracts between them in *Alvares* and *Rehmar were* employers, unions, and contracts subject to the provisions of the NLRA and LMRA.

Here, there is no violation of a contract between a union and employer because, as a threshold jurisdictional matter, the District demonstrably is *not* an employer according to the NLRA and LMRA's definitions.  Because Defendant District is not an employer, any contract entered into by Defendant District is not a contract subject to the provisions of the LMRA.  There is no basis for Plaintiff to assert federal jurisdiction because Defendant District is not an employer governed by either Act.  On this basis alone, the Court should grant the motion for sanctions.

### B. SAN FRANCISCO COMMUNITY COLLEGE DISTRICT IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY BECAUSE IT IS A STATE AGENCY

There is an independent basis for concluding that this action is completely without merit, and that sanctions are warranted.  Community college districts in California are entitled to Eleventh Amendment immunity from suit in federal courts because they are state agencies. *Mitchell v. Los Angeles Community College District*, 861 F.2d 198 (9th Cir. 1988); *Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992) (finding school district an instrumentality of the state because of California's treatment of schools as state agencies). Plaintiff, in his Opposition, summarily dismisses *Cerrato v. San Francisco Community College District*, 26 F.3d 968 (9th Cir. 1994), in which the Ninth Circuit specifically held that federal claims against this very Defendant were barred by the Eleventh Amendment.  Plaintiff claims that the *Cerrato* decision should not be considered "because there the court never analyzed the five *Mitchell* factors and assumed that all community colleges in California are the same." (Pl.'s Opp. at 3).  To the contrary, the *Cerrato* court specifically cited the *Mitchell* factors and declined to hold differently:

> We agree with the defendants that the Eleventh Amendment bars us from hearing Cerrato's claims against the SFCC district.  In general, the Eleventh Amendment bars a federal court from hearing claims by a citizen

3

against dependant instrumentalities of the state. *See e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). We have held that community college districts are dependant instrumentalities of the state of California. *See Mitchell*, 861 F.2d at 201-02. Accordingly, we lack jurisdiction to hear Cerrato's claims against the district.

*Cerrato, supra*, 26 F.3d at 972.

Community college districts are agencies of the state because they: (1) are created by the state; (2) receive complete funding from the state; (3) are subject to the state's legislative control; (4) are governed by a board of trustees which is a state agency. *Mitchell, supra,* at 201. Defendant San Francisco Community College District meets all prongs. Additionally, California's established treatment of public schools as state agencies differentiates Defendant District from school districts in cases cited by Plaintiff. Courts have recognized that California's particular treatment of schools as state agencies is distinguishable from other jurisdictions, such as Alaska and Nevada, where school districts are not considered instrumentalities of the state. *Holz v. Nenana City Public School Dist.*, 347 F.3d 1176 (9th Cir. 2003).

As stated above, California's established treatment of public schools as state agencies differentiates Defendant District from school districts in cases cited by Plaintiff. While it may be true that school districts in Ohio or Wyoming are municipal corporations, in California, school districts are creations of the state constitution and of state statute. Federal courts applying the standards for determining federal jurisdiction and immunity from have deemed community college districts as instrumentalities of the state.

## II.    CONCLUSION

Plaintiff's refusal to withdraw the Complaint and misapplication of well-established case law interpreting the National Labor Relations Act and Labor Management Relations Act justifies the awarding of monetary sanctions. Based on the foregoing reasons, the Court should grant Defendant's Motion for Sanctions finding that Lauser and his counsel, Mr. Sarro, violated Rule 11(b) and appropriately award monetary sanctions to Defendant District for the reasonable fees and expenses required to prepare and file this Motion and the Motion to Dismiss.

Dated: May 9, 2008                    RENNE SLOAN HOLTZMAN & SAKAI, LLP


By: _____/s/_____
Jeff Sloan
Randy Riddle
Attorneys for Defendant,
SAN FRANCISCO COMMUNITY
COLLEGE DISTRICT

DEFENDANT SAN FRANCISCO COMMUNITY COLLEGE DISTRICT'S REPLY TO OPPOSITION TO MOTION FOR SANCTIONS
Case No. CV 07-6464SC