United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. LAUSER, | No. C-07-6464 SC |
| Plaintiff, | |
| | ORDER GRANTING CCSF |
| v. | AND UNION DEFENDANTS' MOTIONS TO DISMISS; |
| | GRANTING CCSF'S |
| | MOTION FOR SANCTIONS |
| CITY COLLEGE OF SAN FRANCISCO, SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Lawrence Lauser ("Plantiff" or "Lauser") brought this action pursuant to sections 7, 8, and 9 of the National Labor Relations Act ("NLRA") 29 U.S.C. § 151 et seq., and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 et seq. Compl., Docket No. 1. Lauser alleges that Defendant City College of San Francisco ("CCSF")[1] wrongfully terminated his employment and violated the terms of a collective bargaining agreement. Id. ¶¶ 4-5. Lauser further alleges that Defendants San Francisco Building and Construction Trade Council Unions and

---

[1] Although CCSF is the named party in this matter, the San Francisco Community College District ("District") filed the motion before the Court. The District argues as though it is the named defendant, even though it has not been joined or made an appearance. None of the parties, including Lauser, identifies any difference between CCSF and the District. In short, CCSF and the District appear to be the same party. The Court therefore addresses the District's Motion as though it were filed by CCSF.

the United Brotherhood of Carpenters and Joiners of America, Local Union No. 22 (collectively "Unions" or "Union Defendants") breached their duty of fair representation. Id. ¶¶ 6-9.

Before the Court are three motions. First, CCSF moved to dismiss, claiming that the Court lacks jurisdiction and that Lauser failed to state a claim. Docket No. 10 ("CCSF Mot."). Lauser filed an Opposition, and CCSF filed a Reply. Docket Nos. 20, 23. The Union Defendants also moved to dismiss on jurisdictional grounds. Docket No. 4 ("Union Mot."). Lauser opposed this motion as well, and the Unions replied. Docket Nos. 14, 15. Finally, CCSF moved for sanctions against Lauser pursuant to Rule 11 of the Federal Rules of Civil Procedure. Docket No. 26 ("Sanctions Mot."). Lauser opposed sanctions, and CCSF replied. Docket Nos. 29, 30.

The Court took all three motions under submission without oral argument. Having considered all of the parties' arguments, the Court GRANTS CCSF's Motion to Dismiss, GRANTS the Unions' Motion to Dismiss, and GRANTS CCSF's Motion for Sanctions.

**II.  BACKGROUND**

Plaintiff was hired as a permanent employee of CCSF in January 2003. Compl. ¶ 5. Plaintiff alleges that over the course of his employment, he made numerous safety complaints and informed his superiors of numerous building code violations. Id. Plaintiff further alleges that CCSF fired him in July 2007 in order to silence him and to punish him for "blowing the whistle" on CCSF's purported illegal activities. Id.

2

The Unions were the collective bargaining representatives for Plaintiff. Id. ¶ 7. According to Plaintiff, after CCSF terminated his employment, he demanded that the Unions represent him in arbitration against CCSF, which they refused to do. Id. ¶ 8.

In their motions, CCSF and the Unions argue that CCSF is a political subdivision of California and is therefore excluded from the definition of "employer" in the NLRA/LMRA statutory scheme. Absent those statutes, Defendants claim, this Court has no subject matter jurisdiction. CCSF also claims that, as an instrumentality of the state, it is immune from suit under the 11th Amendment.

### III. JURISDICTION

#### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides that the Court may dismiss a claim for lack of subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). In reviewing a Rule 12(b)(1) motion, the Court may look beyond the pleadings and "review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). In essence, "jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Where the attack is factual, "the party opposing the motion must furnish affidavits or other evidence necessary to

3

satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High School Dist., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). Unlike a motion brought under Rule 12(b)(6), a Rule 12(b)(1) motion does not require the Court to presume the truthfulness of the allegations in the Plaintiff's complaint. See White, 227 F.3d at 1242; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).[2]

**B. NLRA/LMRA Jurisdiction**

Lauser alleges that the Court has jurisdiction over this matter pursuant to sections 7, 8, and 9 of the NLRA, 29 U.S.C. §§ 157-59, and section 301 of the LMRA, 29 U.S.C. § 185. Compl. ¶ 2.

None of the three cited sections of the NLRA contains a grant of jurisdiction. Section 7 establishes the rights of employees to organize and participate in collective bargaining, but does not establish the means of protecting those rights. See 29 U.S.C. § 157. Section 8 defines the requirements for employers and labor organizations, as well as what acts constitute unfair labor practices, but does not establish an employee's right to bring suit for alleged violations. See 29 U.S.C. § 158; Hadley v. Haw. Gov't Employees Ass'n, No. 05-0660, 2006 U.S. Dist. LEXIS 14803, at *11 (D. Haw. March 13, 2006) ("29 U.S.C. § 158 does not contain

---

[2] "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." Augustine, 704 F.2d at 1077. Here, the question of jurisdiction is not intertwined with the merits. The Court can resolve the jurisdictional question without addressing any of the facts relating to Lauser's claim that CCSF terminated his employment to silence him.

4

any grant of federal jurisdiction."). Finally, section 9 governs the process for employees to select representation, but, again, does not create a cause of action in the district court. See 29 U.S.C. § 159. Section 10 of the NLRA provides remedies for unfair labor practices in the form of review by the National Labor Relations Board ("NLRB"). Id. § 160. The only authority vested in the district court in section 10 is to review and enforce NLRB decisions, or to order injunctive relief upon the NLRB's petition. See id. § 160(e), (f), (j). Lauser does not allege any action by the NLRB, let alone ask the Court to review or enforce such action, so the cited sections of the NLRA do not provide the Court with jurisdiction.

The LMRA confers jurisdiction upon the district courts to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. . . ." 29 U.S.C. § 301(a). However, the LMRA incorporates relevant definitions from the NLRA. See id. § 142(2); Hadley, 2006 U.S. Dist. LEXIS at *11. The term "employer" is defined as follows in the NLRA:

> The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof, or any person subject to the Railway Labor Act, as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C. § 152(2). Thus, "section 301(a) of the [LMRA], 29 U.S.C. § 185(a), does not grant this court jurisdiction over the

5

claims of an individual employed by a political subdivision of a state." <u>Ayres v. Int'l Bhd. of Elec. Workers</u>, 666 F.2d 441, 444 (9th Cir. 1982).

CCSF argues that it is a political subdivision of the State of California, and that section 301(a) therefore does not give the Court jurisdiction over the dispute.  Federal law governs whether or not a state-created entity is a "political subdivision" under 29 U.S.C. § 152(2).  <u>NLRB v. Natural Gas Util. Dist.</u>, 402 U.S. 600, 602-03 (1971) ("<u>Natural Gas</u>").  The term "political subdivision" is not defined in the NLRA.  The Supreme Court has not explicitly created a test for determining whether an entity is a political subdivision of a state either, but it approved in <u>Natural Gas</u> of the test used by the NLRB.  <u>Id.</u> at 605. Under that test, political subdivisions are entities that are "either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate."  <u>Id.</u> at 604-05; <u>see also</u> <u>Ayres</u>, 666 F.2d at 442.

Under the above criteria, CCSF qualifies as a political subdivision.  CCSF was created pursuant to a provision in the California Consitution.  <u>See</u> Cal. Const. Art. IX § 14 ("The Legislature shall have power, by general law, to provide for the incorporation and organization of school districts, high school districts, and community college districts, of every kind and class, and may classify such districts.").  Lauser argues that CCSF is a creation of the City of San Francisco rather than the

State of California. If this is the case, it is only because California has vested cities with the authority to exercise the State's power of creating school districts. See Cal. Const. Art. IX § 16(a). What's more, pursuant to the San Francisco Charter, CCSF's Governing Board is elected by the voters, with vacancies filled by the mayor. See San Francisco Charter § 8.101, attached as Exhibit A to CCSF's Request for Judicial Notice.[3] By statute, community colleges in California are part of the state's public school system, and are subject to the supervision of a statewide Board of Governors which prescribes standards for the creation and operation of all such schools. Cal. Ed. Code § 66700. As such, CCSF was created by the state and is administered by people responsible to the electorate or to public officials. See Natural Gas, 402 U.S. at 604-05. The Natural Gas court also considered factors beyond the NLRB test, at least some of which are present here. For example, the fact that members of the CCSF Governing Board receive only nominal compensation — $500 per month — supports the Court's finding that CCSF is a political subdivision of the state, and is therefore excluded from the definition of the term "employer" in Section 2(2) of the NLRA. See San Francisco Charter § 8.101; Natural Gas, 402 U.S. at 607; 29 U.S.C. 152(2). The Court therefore lacks jurisdiction over Lauser's NLRA and LMRA claims against CCSF.[4]

---

[3] The Court grants CCSF's request for judicial notice. See Docket No. 8.

[4] Lauser asks the Court to allow further discovery on the jurisdictional question. However, Lauser already claims to have significant evidence on this issue, see Opp'n to CCSF Mot. at 5,

7

1    For similar reasons, Lauser's claims against the Union
2 Defendants are outside the Court's jurisdiction. The NLRA
3 definition of "employee" excludes any individual who is employed
4 by any "person who is not an employer as defined" in the statute.
5 See 29 U.S.C. § 152(3). As set forth above, CCSF is not an
6 employer for NLRA or LMRA purposes, so Lauser is not an "employee"
7 in statutory terms. See Hadley, 2006 U.S. Dist. LEXIS 14803 at
8 *12. The statutory definition of "labor organization" turns in
9 part on the definition of "employee." "'Labor organization' is
10 defined (in part) as 'any organization . . . in which employees
11 participate and which exists for the purpose . . . of dealing with
12 employers concerning grievances, labor disputes, wages, rates of
13 pay, hours of employment, or conditions of work.'" Id. (quoting
14 29 U.S.C. § 152(5)) (emphasis in original). Because Lauser is not
15 an employee and CCSF is not an employer, the Union Defendants are
16 not labor organizations under the statute. LMRA jurisdiction
17 extends to "[s]uits for violation of contracts between an employer
18 and a labor organization representing employees in an industry
19 affecting commerce. . . ." 29 U.S.C. § 301(a). Any agreement
20 between CCSF and the Union Defendants falls outside of this
21 provision, so the Court lacks jurisdiction over Lauser's NLRA/LMRA
22 claim against the Union Defendants.
23    In opposing both the CCSF Motion and the Union Motion, Lauser
24 relies heavily on Alvares v. Erickson, 514 F.2d 156 (9th Cir.

---

but failed to submit any such evidence to the Court. In light of the cited portions of California Constitution and Education Code, the Court sees no benefit to additional discovery.

8

1975), for the proposition that he can maintain his suit regardless of whether the parties fit the precise statutory definitions of "employer" and "employee."  That is a flawed application of Alvares.  The question in Alvares was whether the the parties to a suit brought under section 301 of the LMRA must be an employee and employer as defined in the statute.  See Alvares, 514 F.2d at 162.  The Court here lacks jurisdiction not because of who the parties to the suit are, but because of who the parties to the alleged collective bargaining agreement are.  The very passage from Alvares that Lauser quotes acknowledges this distinction:

> The State Trustees argue, however, that plaintiffs fail the "betweenness" requirement of § 301 jurisdiction because neither a labor union nor an employer is a party to this lawsuit. The dispute here, as the dismissal of the State Association and the State Employers Council from the case underscores, is between the members of Local 32 on one hand and the State Trustees on the other. But that does not foreclose federal jurisdiction. As the Supreme Court held in Smith v. Evening News Association, 1962, 371 U.S. 195, § 301 refers to "contracts" between an employer and a labor organization not to "suits" between them.

514 F.2d at 162 (emphasis added). Alvares merely held that where a suit falls within section 301(a), the actual litigants need not meet the statute's definitions.  In that suit, the parties were the members of a union (but not the union itself) and the trustees of a labor-management trust fund organized under section 302(c) of the LMRA.  Id. at 159-60.  Because the suit was for violation of an agreement and fell within section 301(a), it did not matter who the parties were.  Id. at 162.  Lauser's supporting authority also

9

recognizes the distinction between parties to the contract and parties to the suit:

> Section 301 jurisdiction is not dependent upon the parties to the suit but rather the nature or subject matter of the action. Jurisdiction exists as long as the suit is for violation of a contract between a union and employer even if neither party is a union or an employer.

Rehmar v. Smith, 555 F.2d 1362, 1366 (9th Cir. 1976) (citing Alvares, 514 F.2d at 162-64).  Here, there is no contract between an employer and a labor organization, so section 301 does not create jurisdiction.

### C. Other Bases for Jurisdiction

Beyond the NLRA and LMRA, Lauser asserts that the Court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1337.  Compl. ¶ 2.  The former provision gives the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C § 1331.  Other than the NLRA and the LMRA, however, Lauser has identified no Constitutional provision, law, or treaty of the United States as a basis for his claim.  According to the Complaint, CCSF's termination of Lauser "violated the terms of the collective bargaining agreement applicable to [Lauser] and also constitutes a violation of the public policy of the State of California. . . ."  Compl. ¶ 5.  Neither the alleged collective bargaining agreement or California public policy is sufficient to provide jurisdiction under section 1331.  Section 1337(a) vests the district courts with "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating

10

1  commerce or protecting trade and commerce against restraints and
2  monopolies." 29 U.S.C. § 1337(a). Again, however, Lauser's
3  argument fails, as the only acts of Congress in question are the
4  NLRA and the LMRA, which do not give the Court jurisdiction for
5  the reasons described above.

## IV. SOVEREIGN IMMUNITY

"Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." Mitchell v. Los Angeles County Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988). Under Mitchell, a court must consider the following factors to determine if a governmental agency is an arm of the state entitled to immunity: "whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity." Id. The court looks to state law in consideration of these factors. Id.

CCSF also asserts that, under Mitchell, it is an instrumentality of the State of California and is therefore immune from suit. CCSF made the same argument before the Ninth Circuit in Cerrato v. San Francisco Community College District, 26 F.3d 968 (9th Cir. 1994), and prevailed. The Cerrato holding is clear and leaves little room for interpretation:

> As a threshold matter, the defendants argue

11

>           that the Eleventh Amendment bars this court
>           from hearing Cerrato's section 1983 claims.
>           They argue that such a result is compelled by
>           Mitchell . . . in which we held that
>           California community college school district
>           was a state entity that possessed Eleventh
>           Amendment immunity from section 1983 claims.
>
>           We agree with the defendants that the Eleventh
>           Amendment bars us from hearing Cerrato's
>           claims against the SFCC district. In general,
>           the Eleventh Amendment bars a federal court
>           from hearing claims by a citizen against
>           dependent instrumentalities of the state. We
>           have held that community college districts are
>           dependent instrumentalities of the state of
>           California.  Accordingly, we lack jurisdiction
>           to hear Cerrato's claims against the district.

Id. at 972 (citations omitted).  Lauser argues that the Court should ignore Cerrato and apply the Mitchell factors here because the Cerrato court's analysis was cursory.[5]  The Court sees no benefit in doing so, as Cerrato established CCSF's Eleventh Amendment immunity as a matter of law.  Had Cerrato involved a different defendant, Lauser might have a basis for distinguishing the facts of the present case and applying Mitchell.  However, this Court cannot deviate from a binding ruling from the Ninth Circuit on the precise legal question under consideration.  As such, even if CCSF were an employer and the Court had jurisdiction over the LMRA claim or the claim against the Union Defendants, CCSF would still be immune from suit.

---

[5] In urging the Court to consider evidence relating to the Mitchell factors, Lauser conflates the "political division" aspect of CCSF's challenge to LMRA jurisdiction with the "instrumentality of the state" aspect of CCSF's sovereign immunity argument. Blurring these does not change the outcome.

12

## V. **SANCTIONS**

Federal Rule of Civil Procedure 11(b)(2) requires that, to the best of an attorney's knowledge, information, and belief, when the attorney submits a pleading, motion or other paper, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).  Rule 11(c)(2) allows a party to bring a motion for sanctions where he believes the opposing counsel has violated Rule 11(b).

CCSF moves the Court to impose sanctions on Lauser's counsel, Frank Sarro, because the question of subject matter jurisdiction should have been clear from well-established law and the parties could have avoided the expense of preparing these motions.[6] Filing a complaint in federal court where there is no factual basis for the assertion of subject matter jurisdiction may be sanctionable conduct under Rule 11.  See <u>Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.</u>, 792 F.2d 797, 801 (9th Cir. 1986). Lauser's response to the Sanctions Motion is largely repetition of his arguments against CCSF's Motion to Dismiss, and is equally without merit.

On February 12, 2008, Randy Riddle, counsel for CCSF, sent a letter to Mr. Sarro, raising the same issues ultimately addressed in the CCSF Motion, and citing the relevant provisions of the

---

[6] CCSF has complied with the procedural requirements established in the safe harbor provision of Rule 11(c)(1)(a).  <u>See</u> Declaration of Randy Riddle, Docket No. 27, ¶¶ 2-5, Ex. D.

13

NLRA, the LMRA, and the decisions in Ayres and Mitchell. Riddle Decl. ¶ 2, Ex. A. Mr. Riddle asked Mr. Sarro to dismiss the Complaint by February 15, 2008, or else CCSF would file the Motion to Dismiss and the Sanctions Motion. Id. Ex. A. Mr. Sarro responded by letter on February 18, 2008, refusing to withdraw the Complaint. Id. ¶ 3, Ex. B. In his letter, Mr. Sarro stated, "Plaintiff is not aware of any binding Ninth Circuit precedent holding that City College of San Francisco is immune from suit under the circumstances here." Id. Ex. B.

On February 19, 2008, CCSF filed its Motion to Dismiss. In addition to the authorities Mr. Riddle had cited in his initial letter to Mr. Sarro, the supporting brief included citation to the Ninth Circuit's holding in Cerrato, discussed above, which held that CCSF is immune from suit under the Eleventh Amendment. See 26 F.3d at 972. A week later, Mr. Riddle sent Mr. Sarro a letter attaching a copy of the Sanctions Motion informing Mr. Sarro that if Lauser did not dismiss his Complaint with prejudice in the next 21 days, pursuant to Rule 11's safe harbor provision, CCSF would file the Sanctions Motion with the Court. Riddle Decl. ¶ 5, Ex. D.

Rather than withdrawing his Complaint, Lauser opposed both CCSF's Motion to Dismiss and the Sanctions Motion. There was no basis for opposing the Motion to Dismiss. Based on Cerrato alone, it should have been clear that CCSF was immune from suit. Lauser's claims were therefore not "warranted by existing law," and he advanced no argument, frivolous or otherwise, for "extending, modifying, or reversing existing law or for

14

establishing new law." Fed. R. Civ. P. 11(b)(2).

Mr. Sarro's refusal to acknowledge the existing body of law resulted in the parties expending significant resources to litigate CCSF's Motion to Dismiss and the Sanctions Motion. In such circumstances, sanctions are appropriate.

**VI.   CONCLUSION**

For the reasons set forth above, the Court finds that it lacks jurisdiction over this dispute. The Court therefore GRANTS CCSF's Motion to Dismiss, GRANTS the Union Defendants' Motion to Dismiss, GRANTS CCSF's Motion for Sanctions, and ORDERS as follows:

1.  Lauser's claim against CCSF is dismissed with prejudice.

2.  Lauser's claim against the Union Defendants is dismissed with prejudice.

3.  No later than 5:00 p.m. on Wednesday, June 11, 2008, CCSF shall submit to the Court an affidavit including an itemized accounting of its reasonable attorney's fees and costs expended in the preparation and filing of its Motion to Dismiss, Motion for Sanctions, and all other expenses directly resulting from Plaintiff's violation.

IT IS SO ORDERED.

Dated: June 6, 2008

_____
UNITED STATES DISTRICT JUDGE

15