JEFFREY SLOAN, ESQ. (SBN 078179)
RANDY RIDDLE. ESQ. (SBN 121788)
RENNE SLOAN HOLTZMAN & SAKAI, LLP
350 Sansome Street, Suite 300
San Francisco, CA  94104
Telephone:     (415) 678-3800
Facsimile:      (415) 678-3838

Attorneys for Defendant,
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. LAUSER,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY COLLEGE OF SAN FRANCISCO, SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL UNION NO. 22,<br><br>            Defendants/Respondents | **Case No.: CV 07-6464 SC**<br><br>**AFFIDAVIT OF RANDY RIDDLE**<br><br>**Complaint Filed:** December 26, 2007<br>**Trial Date:**        Not Set |

I, Randy Riddle, declare as follows:

1. I am an attorney licensed to practice in the State of California and am a partner with the law firm of Renne Sloan Holtzman Sakai LLP, counsel for Defendant City College of San Francisco ("CCSF") in this action.

2. On June 6, 2008, the Court issued its order granting CCSF's Motion to Dismiss and Motion for Sanctions and ordered CCSF to "submit to the Court an affidavit including an itemized accounting of its reasonable attorneys' fees and costs expended in the preparation and

1

AFFIDAVIT OF RANDY RIDDLE
Case No. CV 07-6464SC

filing of its Motion to Dismiss, Motion for Sanctions, and all other expenses directly resulting from Plaintiffs violation." This affidavit is filed in response to the Court's order.

3. I participated in drafting and approved the Motion to Dismiss, Motion for Sanctions and all documents associated with those motions -- including the letters to Mr. Sarro requesting withdrawal of the complaint. I was assisted by two attorneys in this firm: Genevieve Ng and Todd Simonson.

4. I am a 1985 graduate of the Golden Gate University School of Law, where I served as a law review editor and recipient of the Paul S. Jordan Outstanding Student award and graduated in the top five percent of my law school. I became a member of the California State Bar in December 1985. I served as a San Francisco Deputy City Attorney for 15 years, interrupted by a three year period from 1995 to 1998 when I served as Counsel to the National Senate of the Republic of Palau. Before joining the law firm of Renne Sloan Holtzman Sakai LLP, I served as Chief Counsel to the California Secretary of State from May 2003 to May 2004. Last Spring, I began teaching Election Law as an adjunct professor at the University of San Francisco School of Law. The hourly rate at which I seek compensation in this matter is $230, which is a reasonable rate for attorneys with similar experience, and which is the amount we are charging our client in this matter.

5. Genevieve Ng is an associate with Renne Sloan Holtzman Sakai LLP. Ms. Ng is a 2005 graduate of the Santa Clara University School of Law and was admitted to the California State Bar in December 2005. Ms. Ng served as an extern and Board Agent with the National Labor Relations Board before joining this firm. Since joining Renne Sloan Holtzman Sakai LLP in 2006, Ms. Ng has handled several complex labor law issues, including intensive research and analysis for cases before the Public Employment Relations Board and National Labor Relations Board, public sector arbitrations and disciplinary matters. Ms. Ng assisted in the preparation of letters to Mr. Sarro, CCSF's Motions to Dismiss, Motion for Sanctions and supporting declarations for each motion. The hourly rate which the firm seeks compensation for with

2

AFFIDAVIT OF RANDY RIDDLE
Case No. CV 07-6464SC

respect to Ms. Ng's services is $190, which is a reasonable rate for attorneys with similar experience, and which is the amount we are charging our client in this matter.

6. Todd Simonson is an associate with Renne Sloan Holtzman Sakai LLP. Mr. Simonson is a 1999 graduate of the University of San Francisco School of Law and was admitted to the California State bar in December 1999. Mr. Simonson was a Deputy District Attorney in Alameda County, represented peace officers in civil, criminal and administrative proceedings, and joined this firm in 2007, where he represents public entities in labor and employment matters. Mr. Simonson assisted in the preparation of CCSF's Motion for Sanctions and supporting declarations. The hourly rate which the firm seeks compensation for with respect to Mr. Simonson's services is $210, which is a reasonable rate for attorneys with similar experience, and which is the amount we are charging our client in this matter.

7. I have reviewed the firm's contemporaneous billing records pertaining to the work performed in the preparation and filing of CCSF's Motion to Dismiss, Motion for Sanctions and all other expenses directly resulting from Plaintiff's violation. Attached hereto as Exhibit A is a true and correct compilation of the time entries associated with work performed by Renne Sloan Holtzman Sakai LLP in connection with those matters. Redactions have been made for unrelated work. For example, we excluded time for two associates who performed limited work and communication with CCSF's insurance company regarding this litigation. Counsel will make a copy of redacted and modified billing statements available to the Court or parties upon request of the Court.

8. Based on an hourly rate of $230, the total amount of fees for my 4.9 hours of work on the Motion to Dismiss is $1,127.00. Based on Ms. Ng's hourly rate of $190, the total amount of fees for her 19 hours of work on the Motion to Dismiss is $3,610.00. Accordingly, the amount of the CCSF's attorneys' fees on the Motion to Dismiss is $4,737.00.

9. Based on an hourly rate of $230, the total amount of fees for my 3.3 hours of work on the Motion for Sanctions is $759.00. Based on Ms. Ng's hourly rate of $190, the total

3

amount of fees for her 16.2 hours of work on the Motion for Sanctions is $3,078.00.  Based on Mr. Simonson's hourly rate of $210, the total amount of fees for his 17.7 hours of work on the Motion for Sanctions is $3,717.00.  Accordingly, the amount of the CCSF's attorneys' fees on the Motion for Sanctions is $7,554.00.

10. Based on an hourly rate of $230, the total amount of fees for my .5 hours of work on other work in this matter, such as participation in ADR conference, is $115.  Based on Ms. Ng's hourly rate of $190, the total amount of fees for her 8.9 hours of work on this litigation, such as work on initial disclosure requirements, is $1,691.00.  Accordingly, the amount of the CCSF's attorneys' fees for this related work on this lawsuit is 1806.00.

11. I have also determined from our contemporary billing records that the costs incurred in this litigation total $677.39

12. When all of these fees and costs are added together, the total sum is $14,774.30..

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 11th day of June 2008, in San Francisco, California.

                                                /s/

                                            Randy Riddle

AFFIDAVIT OF RANDY RIDDLE
Case No. CV 07-6464SC